557 A.2d 1232 (1989)
RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC. et al.
v.
Arthur BERNASCONI et al.
No. 88-8-Appeal.
Supreme Court of Rhode Island.
May 18, 1989.
Michael P. DiBiase, Providence, for plaintiffs.
David F. Sweeney, Breslin, Sweeney & Earle, Warwick, for defendants.

OPINION
FAY, Chief Justice.
This case comes before us on appeal from a Superior Court order granting the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The plaintiffs, Rhode Island Affiliate, American Civil Liberties Union (ACLU) and Steven Brown, Executive Director, contend that the trial justice erred in granting that motion.
Initially, we shall discuss our standard of review following the grant of a Rule 12(b)(6) motion. We have previously held that the sole function of a motion to dismiss is to test the sufficiency of the complaint. Ryan v. State Department of Transportation, 420 A.2d 841, 842 (R.I. 1980); Dutson v. Nationwide Mutual Insurance Co., 119 R.I. 801, 803-04, 383 A.2d 597, 599 (1978). When ruling on a Rule 12(b)(6) motion, the trial justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a plaintiff's favor. Thompson v. Thompson, 495 A.2d 678, 680 (R.I. 1985); Romanello v. Maguire, 122 R.I. 171, 176, 404 A.2d 833, 835-36 (1979). The motion may then only be granted if it "appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts * * *." City of Warwick v. Aptt, 497 A.2d 721, 723 (R.I. 1985) (quoting Ryan, 420 A.2d at 843); Berberian v. Solomon, 122 R.I. 259, 262, 405 A.2d 1178, 1180 (1979). Mindful of our standard of review, we outline the pertinent facts as follows.
*1233 On January 26 and February 12, 1987, the Chariho school committee (school committee), held regularly scheduled public meetings. During the meetings, the school committee voted unanimously to enter into closed executive session pursuant to G.L. 1956 (1984 Reenactment) § 42-46-5(a)(1) and (2). These provisions allow a public body to hold a closed meeting, in limited circumstances, following an affirmative vote of the majority of its members.
On April 8, 1987, plaintiffs filed an action to impose civil fines against defendants, in their individual capacities and in their capacities as members of the school committee, for violations of the Rhode Island Open Meetings Law. Chapter 46 of title 42. The plaintiffs alleged, on information and belief, that the school committee discussed and approved a plan to search student lockers at the Chariho Regional Junior-Senior High School. Thereafter, state and local police conducted a search of approximately 800 lockers at the school. The plaintiffs maintained that these closed sessions of the school committee violated multiple provisions of the open-meetings law.
We assume for purposes of this appeal, without reaching the issue, that plaintiffs have standing to bring such an action. Hence our analysis will focus on the issue of the sufficiency of the complaint. Specifically, plaintiffs' complaint alleged four separate and independent violations of the open-meetings law.
First, plaintiffs aver that the school committee's closed-session discussion and approval of a drug search is not a matter exempted from the requirement that meetings of a public body remain open to the public. Assuming, as required, that all allegations in the complaint are true, we find that the topic of a drug search falls within the statutory guidelines enunciated in §§ 42-46-4 and 42-46-5. This topic clearly implicates security matters as contemplated by § 42-46-5(a)(3). Additionally, these closed sessions may involve or lead to investigative proceedings concerning allegations of civil or criminal misconduct. See § 42-46-5(a)(4). We believe that the sale and use of drugs in a school system represents a serious threat to the security, health, and welfare of a student body. It would be inconceivable for this court to find that the topic is not a legitimate concern for a closed session. Therefore, we hold that the discussion and approval of a drug search is exempted by §§ 42-46-4 and 42-46-5.
Furthermore, plaintiffs allege that defendants violated the mandates of § 42-46-4 in that defendants failed to cite accurately the correct exception to the open-meetings law as provided in § 42-46-5. This failure, according to plaintiffs, created a sufficient cause of action to withstand a Rule 12(b)(6) motion. We find that this argument lacks merit, particularly in light of the fact that we hold that the discussion and approval of a drug search is the proper subject for a closed meeting. Therefore, defendants' failure to cite the exact subsection of § 42-46-5 is not fatal.
The plaintiffs further argue that the school committee violated § 42-46-6(b), as amended by P.L. 1984, ch. 372, § 1, which requires notice of agenda topics. In the present case, defendants did not include the matter of the drug search on the agenda for the January and/or February meetings. We may infer, however, that defendants provided adequate notice of the meetings pursuant to § 42-46-6(a) and (c). We note that any announcement of this subject matter would be self-defeating and hold that defendants' action does not operate to their detriment.
Finally, plaintiffs maintain that defendants are technically in violation of § 42-46-7, as amended by P.L. 1985, ch. 373, § 1. This section requires that all discussions and any votes taken at public meetings be made part of a public record. Although the school committee did not record this information, § 42-46-7(c) allows minutes of a closed session to be kept closed following a majority vote. Because the complaint is void of allegations regarding defendants' compliance with this subsection, we find that the trial justice was correct in not addressing this issue.
*1234 In reaching the above conclusions, we accept all allegations in the complaint as true and resolve any doubts in the plaintiffs' favor. After reviewing the sufficiency of the complaint, we find that the plaintiffs would not be entitled to relief under any conceivable set of facts.
For the reasons stated, the plaintiffs' appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.