Joan HALEY et al.

v.

TOWN OF LINCOLN et al.

No. 90–586–A.

Supreme Court of Rhode Island.

June 25, 1992.

Gerard M. DeCelles, Levitt, DeCelles & Associates, Providence, for plaintiffs.

Linda E. Buffardi, Higgins, Cavanagh & Cooney, James Marusak, Gidley, Lovegreen & Sarli, Providence, John T. Walsh, Jr., Walsh & Brule, Pawtucket, Rebecca Tedford Partington, Sp. Asst. Atty. Gen., for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on the plaintiffs' appeal from orders of the Superior Court granting the defendants' motions for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure. We reverse. The facts and travel of the case are as follows.

In the early evening of December 13, 1983, Joan Haley was driving her car on Jenks Hill Road in the town of Lincoln. She came upon two unlit sawhorses that had apparently been left in the highway by maintenance workers who had performed repairs on a nearby section of the road earlier that day. She braked to avoid hitting the sawhorses and swerved into the opposite lane of the highway, colliding with an oncoming vehicle.

In December of 1985 Joan Haley and her husband, Richard (plaintiffs), commenced an action in the Superior Court against the town of Lincoln and the State of Rhode Island (defendants), seeking redress for their various injuries arising out of the accident in Lincoln. In their complaint, plaintiffs alleged that defendants owed a duty to maintain Jenks Hill Road, a public highway, in a safe condition at all times. They asserted that this duty was breached by the negligent placement of the unlit sawhorses in the roadway by employees of one or both defendants. As a result of this negligence and the ensuing accident Joan Haley claimed that she suffered serious bodily injury, mental anguish, and a loss of earning capacity. Richard Haley claimed a loss of consortium that was due to the accident.

After defendants answered plaintiffs' complaint, defendants moved separately for judgment on the pleadings under Rule 12(c) of the Superior Court Rules of Civil Procedure. Each defendant argued in its respective motion that entry of judgment on the pleadings in its favor was appropriate in accordance with the public duty doctrine as applied in *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985), and its progeny. On April 25, 1989, the Superior Court granted the State of Rhode Island's Rule 12(c) motion and entered judgment for the State of Rhode Island. On June 6, 1989 the court entered judgment for the town of Lincoln nunc pro tunc as of April 25, 1989. The plaintiffs then appealed to this court. Because we conclude that controversies in which the public duty doctrine is asserted as a defense are not susceptible of disposition by means of a motion for judgment on the pleadings, we reverse the judgments of the Superior Court.

A Rule 12(c) motion for judgment on the pleadings provides a trial court with the means of disposing of a case early in the litigation process when the material facts are not in dispute after the pleadings have been closed and only questions of law remain to be decided. *See* 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1367 at 509–10 (West 1990). The standard to be applied by the court in determining whether to grant a Rule 12(c) motion is a restrictive one. The court is to view the alleged facts presented in the pleadings in the manner most favorable to the nonmoving party. The factual allegations contained in the nonmovant's pleadings are admitted as true for purposes of the motion. All proper inferences to be derived from the pleadings are to be drawn in favor of the nonmovant. In this fashion the court considering a Rule 12(c) motion ensures that the rights of the nonmovant are adjudicated as fully as if there had been a trial. Accordingly a defendant may not prevail on a Rule 12(c) motion unless that defendant is able to demonstrate to a certainty that the plaintiff will not be entitled to relief under any set of facts that might be proved at trial. *Parente v. Southworth*, 448 A.2d 769 (R.I.1982); *Romanello v. Maguire*, 122 R.I. 171, 404 A.2d 833 (1979); *Temple Sinai—Suburban Reform Temple v. Richmond*, 112 R.I. 234, 308 A.2d 508 (1973); *Swanson v. Speidel Corp.*, 110 R.I. 335, 293 A.2d 307 (1972); *Warren Education Association v. Lapan*, 103 R.I. 163, 235 A.2d 866 (1967); *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967). *See also* 1 Kent, *R.I.Civ.Prac.* § 12.12 at 118 (1969); 5A Wright & Miller, *Federal Practice and*

*Procedure:* Civil 2d § 1368 at 518–19. Conversely, a plaintiff may not secure a judgment on the pleadings unless the defendant admits the allegations advanced in the complaint and sets forth no affirmative matter constituting a legal defense. *See* 1 Kent § 12.12 at 118.

█ The availability of a Rule ˙12(c) motion to terminate litigation is severely limited in light of the rules of pleading employed by the Superior Court of Rhode Island. Under Rule 8(a) of the Superior Court Rules of Civil Procedure, a claim for relief need be only "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he or she deems himself entitled." The plaintiff is not required to plead the ultimate facts that must be proven in order to succeed on the complaint. The plaintiff is also not obligated to set out the precise legal theory upon which his or her claim is based. All that is required is that the complaint give the opposing party fair and adequate notice of the type of claim being asserted. *See* Friedenthal, Kane, and Miller, *Civil Procedure* §§ 5.7 and 5.8 at 252–56 (West 1985); 1 Kent, *R.I.Civ.Prac.* § 8.2 at 83–84. Although a statement of circumstances and occurrences in support of the claim being presented is plainly contemplated in order to provide such notice, great generality in such a statement is allowed as long as defendant is in fact given fair notice of what is claimed. *See* 5 Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 1215 at 145 (West 1990). The essence of the defendant's answer is also aimed at merely providing the recipient of a pleading with fair and adequate notice of the author's position. Under Rule 8(b), "[a] party shall state in short and plain terms his or her defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." The defendant need not set forth any evidence in its answer or expose its defenses in any detail so long as the plaintiff is informed of the defenses that he or she must be prepared to meet. *See* 5 Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 1261 at 383–84 n. 4.

The policy behind these liberal pleading rules is a simple one: cases in our system are not to be disposed of summarily on arcane or technical grounds. If a judgment on the pleadings is to be given, it is because it is apparent beyond a reasonable doubt that a trial would be of no use in determining the merits of the plaintiff's claim for relief. In light of the simplified pleadings permitted under Rule 8, however, it is most unusual that the information contained on the face of the pleadings will alone be sufficiently definite and complete to allow the court to grant a Rule 12(c) motion.

█ The standard for prevailing on a Rule 12(c) motion is an especially difficult one to meet when the questions of law applicable to the controversy are fact intensive. In situations in which the court must have a well-developed factual basis in order to render a judgment as a matter of law, it is doubtful that at the close of the pleadings no material issue of fact will remain to be resolved. Controversies in which the public duty doctrine is asserted as a defense are patently fact intensive in this fashion.

█ Under G.L.1956 (1985 Reenactment) § ˙9–31–1, the General Assembly declared that the state and its political subdivisions are "liable in all actions of tort in the same manner as a private individual or corporation." This waiver of sovereign immunity allows a plaintiff to recover damages in tort if he or she is able to prove negligence on the part of the state. *Gagnon v. State,* 570 A.2d 656, 658 (R.I.1990). In order to make out a prima facie case of negligence, the plaintiff must demonstrate that he or she is owed a legal duty by the state, the breach of which serves as the basis of liability. *Id.* In determining the duty owed, the trial court must as a threshold matter distinguish between "instances in which the state is engaged in activities typically performed by private individuals and activities that a private individual usually would not undertake." *Longtin v. D'Ambra Construction Co.,* 588 A.2d 1044, 1045 (R.I.1991). When the state en-

gages in an activity typically performed by a private individual, "the state owes the public a duty of reasonable care and will be liable for a breach of that duty to the same extent a private individual would be in the same circumstances." *Id.* at 1046. *See, e.g., Catone v. Medberry,* 555 A.2d 328, 334 (R.I.1989) (state as owner and operator of motor vehicle); *O'Brien v. State,* 555 A.2d 334, 337 (R.I.1989) (state as landowner). It is when the state has engaged in an activity that could not ordinarily be performed by a private person that consideration of the public duty doctrine and its exceptions becomes relevant.

 The public duty doctrine shields the state and its political subdivisions from tort liability arising out of discretionary governmental actions that by their nature are not ordinarily performed by private persons. *Bierman v. Shookster,* 590 A.2d 402, 403 (R.I.1991). *See, e.g., Gagnon,* 570 A.2d at 659 (license issued by state); *Knudsen v. Hall,* 490 A.2d at 978 (maintenance of traffic controls on a state highway). The rationale behind the public duty doctrine "is to encourage the effective administration of governmental operations by removing the threat of potential litigation." *Catone,* 555 A.2d at 333. The state may nonetheless be liable when it performs a discretionary governmental action if the plaintiff can show that he or she comes within the "special duty" exception to the public duty doctrine. To satisfy the burden of qualifying for such an exception the plaintiff must demonstrate a breach of a duty owed by the state to the plaintiff in his or her individual capacity and "not merely a breach of some obligation owed the general public." *Ryan v. State Department of Transportation,* 420 A.2d 841, 843 (R.I.1980). This court set out the principles underlying the existence of such a special duty in *Knudsen v. Hall:*

> "In the cases in which we have affirmed the existence of a special duty, either the plaintiffs have had prior contact with state or municipal officials who then knowingly embarked on a course of conduct that endangered the plaintiffs, or they have otherwise specifically come within the knowledge of the officials so

that the injury to that particularly identified plaintiff can be or should have been foreseen." 490 A.2d at 978.

 We have also held in certain instances that the negligence of the state or its political subdivisions is so extreme that the plaintiff need not prove that he or she was a specific, identifiable, and foreseeable victim or a member of a group of such victims in order to recover. Under the "egregious conduct" exception to the public duty doctrine first delineated by this court in *Verity v. Danti,* 585 A.2d 65 (R.I.1991), the state is not immune from liability even though no special duty has been shown "when the state has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation." *Id.* at 67. The elements that must be established to find that a particular course of conduct is "egregious" are the following: (1) the state, in undertaking a discretionary action or in maintaining or failing to maintain the product of a discretionary action, created circumstances that forced a reasonably prudent person into a position of extreme peril; (2) the state, through its employees or agents capable of abating the danger, had actual or constructive knowledge of the perilous circumstances; and (3) the state, having been afforded a reasonable amount of time to eliminate the dangerous condition, failed to do so. *Id. See also Bierman,* 590 A.2d at 404.

 In controversies involving consideration of the public duty doctrine and its exceptions, the pleadings rarely provide a sufficient basis for a judgment on the merits. In such cases to succeed on a Rule 12(c) motion, the state must demonstrate to a certainty that its relationship with the plaintiff does not come within an exception to the public duty doctrine. It is virtually impossible for the state to sustain such a burden when the pleadings are viewed in the manner most favorable to the plaintiff. Consistent with Rule 8's pleading requirements, the plaintiff is not obligated to provide in the complaint details concerning the

state's awareness of or reaction to the circumstances surrounding his or her claim. Such information is, in any event, frequently unavailable to a plaintiff at the pleading stage. Any gaps in the pleadings regarding the state's conduct as it bears upon that plaintiff's action are to be read in the plaintiff's favor. In light of the fact-intensive exceptions to the public duty doctrine, the trial court is unlikely to be able to hold that the plaintiff could not establish the state's negligence under any set of facts that might be adduced at trial. Accordingly we conclude that controversies in which the public duty doctrine is asserted as a defense will rarely be appropriate for disposition by means of a Rule 12(c) motion for judgment on the pleadings.[1]

The state will typically have to introduce material outside the pleadings to show that it is entitled to judgment as a matter of law before trial. If the trial court considers such extraneous material as part of a motion for judgment on the pleadings, the Rule 12(c) motion is automatically converted to one for summary judgment under Rule 56. *See Salvadore v. Major Electric & Supply, Inc.,* 469 A.2d 353, 356 (R.I. 1983); *Ewing v. Frank,* 103 R.I. 96, 98, 234 A.2d 840, 841 (1967). The court is then to give the parties notice of the conversion and a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Super.R.Civ.P. 12(c). Alternatively, the state (or the plaintiff) may move directly under Rule 56 of the Superior Court Rules of Civil Procedure for summary judgment after twenty days have elapsed from the commencement of the action or after service of a motion for summary judgment by the adverse party. Through the successful employment of such procedures, early disposition of litigation that touches upon the boundaries of the public duty doctrine is available to the parties.

■ Turning to the case at bar, it is evident that the Superior Court erred in giving judgments on the pleadings in favor of defendants. The factual allegations contained in the pleadings, viewed in the manner most favorable to the nonmovant plaintiffs, were too incomplete for the court to have found that plaintiffs would be unable to prove at trial facts that constitute a valid claim for relief. It could not be said beyond a doubt that defendants—the state and a political subdivision of the state—under any set of facts that might be proven in support of the complaint, do not owe plaintiffs a special duty of care or that the conduct of defendants is not egregious and therefore actionable. It may be that defendants were in fact cognizant of the potential for disaster resulting from the placement of the sawhorses in the middle of Jenks Hill Road. It may be that defendants failed to alleviate any danger to motorists caused by the sawhorses within a reasonable time. The plaintiffs might even have been identifiable persons put specifically in peril by defendants' actions. The pleadings, considered in accordance with Rule 12(c) practice, simply do not establish the nonexistence of such indicia of culpable activity.

Accordingly, disposition of the instant case by way of judgments on the pleadings

---

1. Our holding in the instant case is also applicable to motions to dismiss for failure to state a claim made pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The standard for granting a Rule 12(b)(6) motion is identical to that for giving a judgment on the pleadings under Rule 12(c): the defendant must be able to demonstrate to a certainty that the plaintiff will not be entitled to relief under any set of facts that might be proved at trial in support of his or her claim. *Collins v. Fairways Condominiums Association,* 592 A.2d 147 (R.I. 1991); *Parente v. Southworth,* 448 A.2d 769 (R.I. 1982); *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 227 A.2d 582 (1967). Whereas a party cannot move for judgment on the pleadings before the pleadings are closed, a Rule 12(b)(6) motion must be made before the defendant serves an answer. However, similarly to a motion for judgment on the pleadings, a Rule 12(b)(6) motion may be directed toward a determination of the substantive merits of the controversy. *See* 5A Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 1369 at 532–33 (West 1990). When a defendant seeks dismissal with prejudice on the basis of the public duty doctrine, we are persuaded that the trial court may not grant the defendant's Rule 12(b)(6) motion unless the plaintiff's allegations cannot possibly sustain any exception to the doctrine.

for the defendants was inappropriate. In so concluding, we make no pronouncement concerning the merit of the plaintiffs' claims. We hold merely that the Superior Court committed error in granting the defendants' Rule 12(c) motions.

For the foregoing reasons the plaintiffs' appeal is sustained, and the judgments of the Superior Court are reversed. The papers in the case may be remanded to the Superior Court for further proceedings.

KELLEHER, J., did not participate.