**Sharon A. MASSED**

v.

**STATE of Rhode Island et al.**

**No. 95–108–Appeal.**

Supreme Court of Rhode Island.

Dec. 15, 1995.

Pamela St. John, Providence.

Peter Mathieu, Virginia McGinn, Providence.

## ORDER

This case came before the Supreme Court for oral argument on December 7, 1995, pursuant to an order that directed the plaintiffs, Sharon A. Massed and John Massed, and one of the defendants, specifically the town of Glocester, to show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs have appealed from a Superior Court order that granted the town of Glocester's motion to dismiss their complaint against the town for the wrongful death of their son Jason.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, this court concludes that cause has not been shown and the case will be decided at this time.

As an initial issue, we note that plaintiffs have named multiple parties as defendants in this action. The order that granted the motion, however, is interlocutory and therefore not appealable because of the failure to comply with Rule 54(b) of the Superior Court Rules of Civil Procedure. Therefore, we first require that "an express direction for the entry of judgment" in accordance with Rule 54(b) be entered.

Second, a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure should not be granted unless a plaintiff's allegations cannot possibly be sustained under any exception to the public duty doctrine. *Haley v. Town of Lincoln,* 611 A.2d 845, 850 n. 1 (R.I.1992). The factual allegations in the case before us were too incomplete for the Superior Court to have found that plaintiffs would be unable to prove sufficient facts at trial to constitute a valid claim.

Therefore, following the entry of the Rule 54 order, under our holding in *Haley,* we shall sustain the appeal and remit the papers in the case to the Superior Court for further proceedings.