CENTERVILLE BUILDERS, INC.

v.

J. Brendan WYNNE.

No. 95–414–Appeal.

Supreme Court of Rhode Island.

Oct. 24, 1996.

Michael St. Pierre, Warwick, for Plaintiff.

John Marks, J. William Harsch, Washington, DC, for Defendant.

**OPINION**

PER CURIAM.

This matter came before us on September 25, 1996, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Centerville Builders, Inc. (the buyer), appeals from the granting of a motion for judgment on the pleadings by the Superior Court in favor of the defendant, J. Brendan Wynne (the seller). After hearing the arguments of counsel and examining the memoranda filed by the parties, we conclude that cause has not been shown and that the appeal should be decided at this time.

The buyer's claim for specific performance arises out of an alleged agreement with the seller for the sale and purchase of a tract of land located at 295 Forge Road, Warwick, Rhode Island (the property). In a document captioned "Offer to Purchase," dated September 2, 1993, the buyer deposited $5,000 towards the purchase of the property for the sum of $565,000, with a total deposit of 5 percent of the sale price ($28,250) due upon signing of the purchase-and-sales agreement. There were nine numbered conditions outlined in the offer to purchase. The seller signed the document on September 7, 1993, after deleting the ninth condition, which read:

> "9. SUBJECT TO SELLER CEASING NEGOTIATIONS WITH ANY AND ALL OTHER PARTIES ON PURCHASE OF SUBJECT PROPERTY."

The agreement also contained a condition that provided:

> "6. SUBJECT TO SATISFACTORY PURCHASE & SALES AGREEMENT BETWEEN SELLER AND BUYER."

Subsequently, the seller sent the buyer an unsigned purchase-and-sale-agreement form. The buyer signed the agreement and returned it to the seller. The seller requested and received an extension of time to sign the agreement. On October 20, 1993, the date the extension expired, the seller notified the buyer that the seller wanted to "get more money" for the property and would therefore put the property back on the market.

The buyer filed this action for breach of contract in Superior Court, seeking specific performance of the purchase-and-sale agreement. The seller made a motion for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure. In a written decision filed on March 6, 1995, the Superior Court denied the seller's motion. An order embodying this ruling entered on March 27, 1995.

The seller then made a motion for reconsideration, and on June 12, 1995, the Superior Court issued a written decision holding the offer-to-purchase agreement illusory and unenforceable. The Superior Court reversed its prior decision, granted the seller's motion for judgment on the pleadings, and entered an order to that effect on July 7, 1995. On July 13, 1995, the buyer appealed to this court.

We believe that there was no enforceable contract because there was no mutuality of obligation. Therefore, we agree with the motion justice that the seller was entitled to a judgment on the pleadings.

■ It is a fundamental principle of contract law that a bilateral contract requires mutuality of obligation. *Crellin Technologies, Inc. v. Equipmentlease Corp.,* 18 F.3d 1, 7 (1st Cir.1994) (applying Rhode Island law); *B & D Appraisals v. Gaudette Machinery Movers, Inc.,* 733 F.Supp. 505, 507 (D.R.I. 1990) ("[a] bilateral contract involves mutual promises which simultaneously obligate the parties"). This mutuality is achieved when both parties are "legally bound through the making of reciprocal promises." *Crellin Technologies, Inc.,* 18 F.3d at 7–8. However, when the promises of the parties depend on the occurrence of some future event within the unilateral control of the promisors, the promises are illusory and the agreement is nonbinding. *Id.* at 8; *Antone v. Vickers,* 610 A.2d 120, 123 (R.I.1992).

■ In the instant case, the buyer and the seller entered into a written offer-to-purchase agreement whereby the former would purchase the property, and the latter would sell it. However, their promises were illusory since each party reserved the unfettered discretion to thwart the purchase and sale by unilaterally invoking condition 6 of the offer-to-purchase agreement and rejecting any purchase-and-sale agreement as "unsatisfactory."

Although it is true that the seller displayed an intent to be bound by the offer-to-purchase agreement when he signed the document and agreed to sell the property subject to the conditions specified, the inclusion of condition 6 made this an illusory promise because its occurrence depended solely on the subjective will of either party.

■ The seller's deletion (with the buyer's consent) of the ninth condition further evidenced the lack of mutuality of obligation. Because the seller was allowed to negotiate

with other prospective buyers, the offer to purchase amounted to little more than an agreement to see if the parties could agree on a purchase-and-sale agreement at some point in the future. As such, it was not an enforceable bilateral contract.

■ We are cognizant that Rhode Island law requires "that virtually every contract contain[ ] an implied covenant of good faith and fair dealing between the parties." *Crellin Technologies, Inc.*, 18 F.3d at 10. However, this requirement only applies after a binding contract is formed. *Id.* Since the promises of both parties to this action were illusory, a contract never came into existence and no duty of good faith and fair dealing arose on the seller's part to execute the purchase-and-sale agreement. Moreover, we do not agree that the seller's mere sending of an unsigned purchase-and-sale agreement to the buyer should have been deemed the legal equivalent of his having signed and executed this document. Although the seller's conduct may have been calculated to string along the buyer while the seller mulled over his other options, "[i]t is not an actionable wrong to dally in the vestibules of obligation." *Harley & Lund Corp. v. Murray Rubber Co.*, 31 F.2d 932, 933 (2d Cir.), *cert. denied*, 279 U.S. 872, 49 S.Ct. 513, 73 L.Ed. 1007 (1929) (L. Hand, J.).

Having determined that no contract existed between the parties, we must now determine whether the Superior Court erred in granting the seller's motion for judgment on the pleadings. To prevail on that motion, the seller, as the moving party, was required to "demonstrate to a certainty that [the buyer] will not be entitled to relief under any set of facts that might be proved at trial." *Haley v. Town of Lincoln*, 611 A.2d 845, 847 (R.I. 1992). The Superior Court must have viewed all the facts set out in the pleadings in the light most favorable to the buyer and accepted all of the buyer's factual allegations as true. *Id.* In addition, all proper inferences derived from the pleadings must have been drawn in the buyer's favor. *Id.*

■ Applying this standard, we believe that the Superior Court properly granted the seller's motion. Since no contract existed between the parties, the buyer would not be entitled to specific performance in any event. Moreover, the granting of specific performance is an equitable remedy that can be withheld by the trial justice for equitable reasons even when (unlike the situation here) one of the parties can establish that a breach of contract has occurred. *See Eastern Motor Inns, Inc. v. Ricci*, 565 A.2d 1265, 1271 (R.I. 1989) (emphasizing "that the equitable remedy of specific performance is never required but lies within the sound discretion of the trial justice").

For the foregoing reasons the buyer's appeal is denied and dismissed, and the order appealed from is affirmed. The papers of this case are remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, J., did not participate.