DECISION
This matter is before the Court in a suit brought by various apartment house owners against the Tax Assessor of the City of Woonsocket seeking to enjoin the implementation of certain modifications to Woonsocket's Homestead Exemption Ordinance.
 Facts/Travel
Plaintiff, Ferland Corporation, owns several residential apartment complexes in the City of Woonsocket: Four Seasons North Apartments located at 2491 Diamond Hill Road, Rhode Island Apartments located at 127 Mendon Road, and Diamond Hill Apartments also located at 127 Mendon Road. Ferland Corporation is a general partner of Plaza Village Group, a Rhode Island limited partnership, located at 104 Village Road in the City of Woonsocket. Plaintiff Armand Ferland is a general partner of Walnut Hill Group and is an owner of Walnut Hill Apartments located at 2305 Diamond Hill Road in the City of Woonsocket. Plaintiff Ferland Corporation is a limited partner in the Walnut Hill Group Each of the apartment complexes referred to contains more than ten apartments.
On July 12, 1988, the qualified electors of the City of Woonsocket approved Chapter 482 of the Rhode Island Public Laws of 1988 authorizing the City of Woonsocket to provide for a homestead exemption for residential real property. The City of Woonsocket implemented the homestead exemption on July 21, 1988 by passing Section 2-14 of the City of Woonsocket Code of Ordinances. Chapter 482 and Ordinance 2-14 provided a homestead exemption for all residential property in Woonsocket.
Chapter 482 of the 1988 Public Laws was amended in 1994 by Chapter 241 of the Rhode Island Public Laws of 1994. The amended Chapter 241 was approved by the qualified electors of the City of Woonsocket on November 8, 1994. Under Chapter 241, the legislature gave the City of Woonsocket exclusive power to define residential real property. Chapter 241 states that "`[r]esidential real property' shall be defined from time to time by ordinance of the city council." Subsequently, Section 2-14 of the City of Woonsocket Code of Ordinances was amended on April 6, 1997 thus implementing Chapter 241 of the Rhode Island Public Laws. Section 2-14 grants a homestead exemption for "residential real property that does not exceed ten (10) apartments." This exemption went into effect with the commencement of the fiscal year beginning July 1, 1997.
Plaintiffs filed a motion for a temporary restraining order on July 10, 1997 to enjoin the City of Woonsocket from implementing the amended homestead exemption. This Court granted the plaintiffs' motion for a temporary restraining order on July 11, 1997. Plaintiffs now seek permanent injunctive relief.
 The Nondelegation Doctrine
"The power to tax is vested primarily in the state, and may be lawfully exercised by the subordinate political bodies of the state only in so far as and in the manner in which said power is delegated to them by the Legislature." In re Warwick FinancialCouncil, 39 R.I. 1, 12-13, 97 A. 21, 25 (1916).
The Rhode Island Supreme Court has stated that:
 "The power to exempt property from taxation is the converse of the power to determine what property shall be the subject of taxation; the selection of certain property for the purpose of taxation being the exclusion or exemption of that which is not selected. It is, therefore, included necessarily in the power to tax, which resides in the state alone, and consequently can be exercised only by the general assembly, representing the sovereign power of the state, acting within the limitation of the constitution, or by the several cities, towns, or other municipalities, in pursuance of lawful authority granted to them by the general assembly." McTwiggan v. Hunter, 19 R.I. 265, 270, 33 A. 7 (1895).
The General Assembly may allow cities to exercise the taxing power in any way that is deemed expedient provided that no provision of the Constitution is violated. In re WarwickFinancial Council, 97 A. at 25. A city's ability to tax is unconstitutional if it derives its taxing power from an improper delegation by the General Assembly.
The nondelegation doctrine is derived from article VI, sections 1 and 2 of the Rhode Island Constitution. Specifically, these sections provide that:
 § 1. Constitution supreme. — This Constitution shall be the supreme law of the state, and any law inconsistent therewith shall be void. The general assembly shall pass all laws necessary to carry this Constitution into effect.
 § 2. Power in the general assembly-Enactment and style of laws. — The Legislative power, under this Constitution, shall be vested in two houses, the one to be called the senate, the other the house of representatives; and both together the general assembly. The concurrence of the two houses shall be necessary to the enactment of laws.
The nondelegation doctrine serves two purposes. Initially, "[t]he purpose of the nondelegation doctrine is to protect the citizens against arbitrary and discriminatory action by public officials."Davis v. Wood, 427 A.2d 332, 335 (R.I. 1981). Furthermore, this doctrine ensures "that basic policy choices will be made by duly authorized and politically responsible officials." Bourque v.Dettore, 589 A.2d 815, 817 (R.I. 1991).
Our Supreme Court has consistently interpreted article VI, sections 1 and 2 as forbidding an unconstitutional delegation of legislative power. Town of East Greenwich v. O'Neil, 617 A.2d 104
(R.I. 1992); Milardo v. Coastal Resources Management Council, 4242 A.2d 266 (R.I. 1981) City of Warwick v. Warwick RegularFireman's Assoc., 106 R.I. 109, 256 A.2d 206 (1969). The Court, however, has found that "rigid adherence to doctrinaire notions of the nondelegation doctrine would unduly hamper the Legislature's exercise of its constitutionally vested powers."O'Neil, 617 A.2d at 112 (citing Milardo, 434 A.2d at 270). Delegating legislative functions, therefore, is not a per se unconstitutional action. Instead, the conditions, the accompanying standards, and the administrative safeguards of the delegation must be examined in determining the constitutionality of a delegation of power. Milardo, 434 A.2d at 271. For the legislature to properly delegate its authority, the legislation must either set out a legislative purpose, establish a primary standard for carrying out the statute, or lay out an intelligible principle to which the city council must conform. O'Neil, 617 A.2d at 113; Borque, 589 A.2d at 818; Davis, 427 336. "In determining whether a statute contains sufficient standards, [the Court] must read the act as a whole; the provision in question should not be isolated, but must be construed with reference to the entire act." Davis, 427 A.2d 336.
In this case, plaintiffs raise the argument that the legislature's delegation exceeds the constitutional bounds of the nondelegation doctrine. The legislature in Chapter 241 of the 1994 Public Laws delegated to the City of Woonsocket City Council exclusive authority to define "residential real property." Specifically, Chapter 241 states that "`[r]esidential real property' shall be defined from time to time by ordinance of the city council." However, the Rhode Island General Assembly has consistently either defined residential real property or specified the type of property eligible to receive the homestead exemption. R.I.G.L. 1956 § 44-5-10.02 (Property tax classification-Central Falls); R.I.G.L. 1956 § 44-5-20.2
(Property tax classification-Pawtucket); R.I.G.L. 1956 § 44-5-20.7 (Property tax classification-Providence); R.I.G.L. 1956 § 44-5-57, 60 (Property tax classification-North Providence); R.I.G.L. 1956 § 44-5-62 (Property tax classification-Cranston); R.I.G.L. 1956 § 44-5-65 (Property tax classification-East Greenwich); R.I.G.L. 1956 § 44-5-70
(Property tax classification-East Providence). Here, however, the legislature neither defined nor classified property eligible for the homestead exemption. Under the City of Woonsocket's interpretation of the homestead exemption, the City Council is free to change the property eligible for the homestead exemption from year to year. By not providing any guidance to the City, the legislature failed to comply with the nondelegation doctrine principles. The legislature also did not set out any standards for the City of Woonsocket to follow in defining residential real property. Additionally, granting the City of Woonsocket the power to define residential real property as the City Council sees fit is not an "intelligible principle" for the City to follow.
 "Definition" versus "Classification"
In its attempt to comply with the legislature's delegation, the city council did not even comply with the public law requirement that it define residential real property, but rather it created a classification of residential real property subject to the homestead exemption. In creating property tax classifications in other Rhode Island cities, the legislature has defined residential real property as, for example:
 "[R]eal property used or held for human habitation containing one or more dwelling units, including rooming houses, and mobile homes with facilities designed and used for living, sleeping, cooking and eating on a nontransient basis. The property includes accessory land, buildings or improvements incidental to such habitation and used exclusively by the residents of the property or their guests. The property does not include a hotel or motel. R.I.G.L. 1956 § 44-5-20.02 (Property tax classification-Central Falls); R.I.G.L. 1956 § 44-5-20.2 (Property tax classification-Providence)."
Though other statutes have defined residential real property in various manners with respect to other municipalities, Chapter 241 of the 1994 Public Laws does not provide any such definition of residential real property, but without guidelines to be observed, leaves to the city council the task of creating such a definition. Ordinance 2-14 fails to define residential real property. As such, Ordinance 2-14 merely creates a purely arbitrary classification of residential real property without any definition to justify that classification.
The nondelegation doctrine seeks to prevent arbitrary classification by cities such as that which exists in Ordinance 2-14. See Davis, 427 A.2d at 335. The power to tax is not absolute, and the authority to tax is granted only by "unequivocal instructions found in the Rhode Island Constitution and in statutes enacted by the Rhode Island legislature." Cabanav. Littler, 612 A.2d 678 (R.I. 1992). Furthermore, the Court has also stated that:
 "Rhode Island courts must assiduously protect the people from abuse of the government's taxing authority by requiring strict adherence to these unequivocal instructions, and expeditious measures not in conformance with these limitations, no matter how well intentioned, cannot be substituted for compliance." Id.
The General Assembly has abused its taxing power by delegating taxing power, (in this case, the power to exempt from tax), to the City of Woonsocket without any applicable standards to apply. Furthermore, the City of Woonsocket has abused its power by creating an arbitrary classification within the category of residential real property in an attempt to comply with the legislative delegation.
 Issues Properly before the Court
Prior to oral arguments in this case, the Court instructed Counsel for each of the parties to focus its oral arguments on the nondelegation issue. Furthermore, the Court at oral argument asked Counsel to address the adequacy of the definition of residential real property under Ordinance 2-14 in light of the legislature's delegation to the Council the power to define residential real property. The Court afforded the parties the opportunity to file a supplemental memorandum on this latter issue. In its supplemental memorandum, defendant argues that the Court lacks the authority to raise these issues sua sponte. Defendant relies on Horace Mann Life Insurance Company v. Dubois, 693 A.2d (R.I. 1997), for the proposition that a court ought not suggest a new legal theory for a party to pursue. Defendant's argument is in this matter without merit.
Both the issue of the nondelegation doctrine and the validity of the definition in Ordinance 2-14 are properly before the Court. Initially, plaintiffs' legal theory rests on the fact that Ordinance 2-14 does not properly define residential real property in light of the legislative authority granted by the General Assembly. See Plaintiffs' Verified Complaint, p. 4, Para. 13. In requesting the parties to focus on (i) nondelegation and (ii) validity of the City definition, the Court merely asked the parties for further discussion of these issues. Furthermore, plaintiffs clearly raised nondelegation in its reply memorandum. Plaintiffs' Reply Memorandum of Law, December 23, 1997, p. 6-8.
The Rhode Island Supreme Court has held that plaintiffs are "not obligated to set out the precise legal theory upon which his or her claim is based." Haley v. Town of Lincoln, 611 A.2d 845, 848 (R.I. 1992). Plaintiffs merely need to provide the opposing party "fair and adequate notice of the type of claim being asserted." Id. See, Friedenthal, Kane, and Miller, CivilProcedure §§ 5.7 and 5.8 at 252-56 (West 1985); 1 Kent, R.I. Civ. Prac. § 8.2 at 83-84. The Court is satisfied that the plaintiffs here have met this standard in raising the nondelegation argument. Additionally, the Court gave the defendant adequate opportunity to prepare an oral argument on the nondelegation issue. Therefore, both the nondelegation doctrine and the issue of the adequacy of Ordinance 2-14 definition of residential real property, or indeed was there any definition in that ordinance, are properly before this Court.
 Conclusion
After review of the facts and law as presented by the parties in this case, the Court finds that Chapter 241 of the 1994 Rhode Island Public Laws is an unconstitutional delegation of legislative power to the City of Woonsocket. Further, the Court finds that if said Chapter 241 were to be held constitutional, the City Council in 2-14 as amended on April 6, 1997 goes beyond the authority granted by the General Assembly in that the legislative action of the Council represents an impermissible classification within, rather than, a definition of "residential real property." Accordingly, plaintiffs are entitled to the injunctive relief sought including precluding the City of Woonsocket from enforcing Ordinance 2-14.
Counsel shall prepare the appropriate judgment for entry.