DECISION
Before this Court is the motion of Third Party Defendant Quinn Morgan, (Morgan), pursuant to Super. R. Civ. P. Rule 12(b)(6), to dismiss the Third Party Complaint filed against him by Allan M. Shine ("Receiver") in his capacity as Receiver of Eastern Display Acquisition, Inc. ("Eastern Display"). Morgan bases his Motion on his assertion that the complaint fails to state a claim upon which relief may be granted. The Receiver alleges that Morgan breached his fiduciary duties to Eastern Display and to its Non-Insider Creditors, injured or prejudiced Eastern Display and its Non-Insider Creditors, and obtained an unfair advantage for the Zwirn creditor/Equity Claimants. The Receiver seeks unspecified compensatory damages to compensate Eastern Display, as well as its receivership estate, for the losses and damages incurred as a result of the alleged breach of fiduciary duty. *Page 2 
 Facts Travel
Morgan, served as an employee of D.B. Zwirn and Co. L.P. ("Zwirn"), the manager of D.B. Zwirn Special Opportunities Fund, LLC, HZ Holdings, LLC, and D.B. Zwirn Special Opportunities Fund, L.P. (Third Party Compl. ¶ 2.) In addition to those positions, Morgan also served as one of three members of the Board of Directors of Eastern Display, a position he maintained from its inception until his resignation on January 2, 2007. (Third Party Comp. ¶ 6.) As a Director, Morgan was privy to the financial information of Eastern Display and regularly discussed these details with members of the Eastern Display management. (Third Party Compl. ¶ 7.) Morgan moves this Court, pursuant to Super. R. Civ. P. Rule 12(b)(6), to dismiss the Third Party Complaint.
 Standard of Review
It is well-settled in Rhode Island that the role of a Rule 12(b)(6) motion is merely to test the sufficiency of the complaint. See TosteFarm Corp. v. Hadbury, Inc., 798 A.2d 901, 905 (R.I. 2002) quotingR.I. Employment Sec. Alliance, Local 401, S.E.I.U., AFL-CIO v. StateDep't of Employment and Training, 788 A.2d 465, 467 (R.I. 2002);see also Pellegrino v. R.I. Ethics Comm'n, 788 A.2d 1119, 1123 (R.I. 2002) (stating that "[t]he standard for granting a motion to dismiss is a difficult one for the movant to meet."). Accordingly, the Court must ascertain whether, if the allegations of the complaint are true, the Plaintiff would be entitled to the requested relief, resolving any factual doubts in favor of the Plaintiff at this stage. Bruno v.Criterion Holdings, Inc., 736 A.2d 99 (R.I. 1999). The complaint must give fair and adequate notice of the plaintiff's claim, but in most cases it need not contain a high degree of factual specificity.See, e.g., Hyatt v. *Page 3 Village House Convalescent Home, Inc., 880 A.2d 821, 824 (R.I. 2005) (per curiam). Therefore, for Morgan to prevail on this motion, it must be clear "beyond a reasonable doubt" that the Plaintiff would not be entitled to relief under any set of facts which might be proved in support of its claim as articulated in the complaint. See id. quotingBragg v. Warwick Shoppers World, Inc., 227 A.2d 582, 584 (R.I. 1967).
Here, however, Morgan asks this Court to adopt the U.S. Supreme Court's recent ruling in Bell Atl. Corp. v. Twombly wherein the Court seemingly called for more stringent pleading standards and heightened the standards against which a 12(b)(6) motion would be measured.127 S. Ct. 1955 (U.S. 2007). To decide this Motion, this Court first must determine whether Twombly, which has not yet been addressed by our Supreme Court, requires the plaintiff to adhere to a more specific pleading standard.
In Twombly, a putative class action suit was brought alleging an antitrust conspiracy in violation of the Sherman Act. The defendants urged dismissal pursuant to a 12(b)(6) motion in light of the extraordinary costs that would result from massive anticipated discovery. Id. The Court, holding that a claim brought under the Sherman Act's restraint of trade provision required a higher degree of specificity in the complaint, dismissed the plaintiff's claim for failure to state a claim upon which relief may be granted because it failed to demonstrate a "plausibility" of success on the merits.Id. Morgan's asks this Court to adopt the parameters for ruling on a 12(b)(6) motion espoused in Twombly. Id.
The Twombly Court departed from the generally accepted and applied standards for the determination of a 12(b)(6) motion. Specifically, theTwombly Court required the plaintiff to meet the heightened pleading standard of a "plausibility" of success, rather *Page 4 
than the "any set of facts" showing, historically applied by the federal courts, as well as the Rhode Island state courts. UnderTwombly, therefore, to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Twombly,127 S. Ct. at 1967-69 (effectively disavowing the holding of Conley v. Gibson,355 U.S. 41, 45-46 (1957)).
In recent months, multiple state courts have considered and worked to apply the Twombly decision in ruling on 12(b)(6) motions, ultimately determining that Twombly has not generally altered the standard to be applied. See, e.g. Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 286
(Mass. 2007); Charles H. Wesley Educ. Found., Inc. v. State ElectionBd., 282 Ga. 707, 714 (Ga. 2007); McCurry v. Chevy Chase Bank, 2008 Wash. App. LEXIS 1275 (2008); Colby v. Umbrella, Inc., 2008 VT 20, P4 (2008). Rather, courts, even after Twombly, have frequently cited to the long accepted standards espoused in Conley v. Gibson, standards that have also been adopted by our State Supreme Court in Rhode Island.355 U.S. 41 (1957). See Palazzo v. Alves, 944 A.2d 144, 149 (R.I. 2008) citing Ellis v. R.I. Pub. Transit Auth., 586 A.2d 1055, 1057 (R.I. 1991); see also Chokel v. Genzyme Corp., 449 Mass. 272, 273 (2007). InConley, the U.S. Supreme Court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. Most states, including Rhode Island, have not yet had the opportunity to addressTwombly and the ramifications that decision will have on 12(b)(6) motions brought in their courts.
This Court, during oral arguments, raised sua sponte the issue of whether Twombly was intended to be limited to actions brought under the Sherman Act. A review of recent decisions looking at this very issue provides that while Twombly may *Page 5 
not be specifically limited to antitrust violations, it is intended to address the concerns raised when claims brought "rest exclusively on conclusory or merely speculative assertions" requiring a more stringent pleading standard to avoid potentially costly discovery. Brown v.Sweeney, 526 F. Supp 2d 126 (Mass. 2007) citing Twombly,127 S. Ct. at 1966. See also In re TJX Cos., 493 F. Supp. 2d 1382 (D.Mass. 2007) (holding that Twombly does not substantially change the pleading standards in the First Circuit). While this concern is raised in cases involving the Sherman Act, the Court notes that the same issues may arise in cases involving claims arising out of other causes of action and should not be read as limited to § 1 of the Sherman Act.
Federal courts have also undertaken to determine the parameters of the holding in Twombly. In Iqbal v. Hasty, the U.S. Court of Appeals for the Second Circuit held that "[the Twombly Court was] not requiring a universal standard of heightened fact pleading, but is instead requiring a flexile `plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." 490 F.3d 143,157-58 (2007). Applying these general standards to the Sherman Act § 1 claim brought in Twombly, the Court held "that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."127 S. Ct. at 1965-66.
While "formulaic recitation[s] of the elements of a cause of action" will not be sufficient to state a claim, the plaintiff may assert factual allegations that raise a right to *Page 6 
relief beyond that at the speculative level. Williams v. Berkshire Fin.Grp., Inc., 491 F. Supp. 2d 320, 324 (E.D.N.Y. 2007). In fact, even the U.S. Supreme Court has applied the historically accepted plain statement of facts standard in a decision that came on the heels ofTwombly. See Erickson v. Pardus, 127 S. Ct. 2197 (U.S. 2007).[1]
In light of the above, this Court is not satisfied that the claims brought herein rise to the level of complexity contemplated by theTwombly Court that would require a heightened level of pleading beyond that which is generally required to survive a motion to dismiss for failure to state a claim. Nor are the claims based on mere speculation as the complaint points to specific facts to support the Receiver's claims. This Court will, therefore, determine this motion based on the standards long-accepted and applied in our jurisdiction, analyzing the facts stated in the complaint as true.
 Analysis
Super. Ct. R. Civ. P. 8(a) states that a complaint "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." It is well-settled in this State that the pleader need not allege "the ultimate facts that must be proven in order to succeed on the complaint." See Haley v. Town of Lincoln, 611 A.2d 845, 848 (R.I. 1992). Rather, a pleading need only provide its opponent with "fair and adequate notice of the type of claim being asserted." See id. As our Supreme Court has stated, "[t]he policy behind these liberal pleading rules is a simple one: cases in our system are not to be disposed of summarily on arcane or technical grounds." Hendrick v. Hendrick,755 A.2d 784, 791 *Page 7 
(R.I. 2000) citing Haley, 611 A.2d at 848. With this standard in mind, the Court will now address the complaint brought by the Receiver against Third Party Defendant, Morgan.
A. Breach of Fiduciary Relationship
Generally, the elements of a breach of fiduciary duty claim consist of "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." See Chain Store Maint., Inc.v. Nat'l Glass and Gate Svc., Inc., 2004 R.I. Super. LEXIS 81, *37 (2004) citing Griffin v. Fowler, 579 S.E.2d 848 (Ga.App. 2003);Lyons v. Midwest Glazing, 265 F. Supp. 2d 1061, 1076 (N.D. Iowa 2003).See also 37 Am. Jur. 2d Fraud and Deceit § 31 (stating that the elements of a breach of fiduciary duty claim are "(1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary").
"A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." See Restatement 2d. Torts § 874. Additionally, "[a] `fiduciary relation' arises whenever confidence is reposed on one side, and domination and influence result on the other" or "when there is a reposing of faith, confidence and trust, and the placing of reliance by one upon the judgment and advice of the other." Lyons v. Midwest Glazing, 265 F. Supp. 2d at 1076. A fiduciary relationship may also be demonstrated by any of the following examples: "the acting of one person for another; the having and exercising of influence over one person by another; the inequality of the parties; and the dependence of one person on another." Id.
As outlined above, fiduciary relationships are present in many different contexts, such as between a lawyer and a client, a guardian and a ward, a principal and an agent, or *Page 8 
"corporate directors and officers [and] the corporation they serve."Ed Peters Jewelry Co., 51 F. Supp. 2d at 98. Our Supreme Court has recognized that "[c] orporate officers and directors of any corporate enterprise, public or close, have long been recognized as corporate fiduciaries owing a duty of loyalty to the corporation and its shareholders. . . ." A. Teixeira Co. v. Teixeira, 699 A.2d 1383, 1386
(R. I. 1997). Additionally, to the extent that an employee acts as an agent for an employer, that employee "owes a fiduciary duty with respect to the subject of the agency relationship." Cahill v. Antonelli,390 A.2d 936, 939 (R.I. 1978). See also Williams v. Dominion Tech. Partners,L.L.C., 576 S.E.2d 752, 757 (Va. 2003) (holding that "under the common law, an employee, including an employee-at-will, owes a fiduciary duty of loyalty to his employer during his employment").
Viewing the complaint in the light most favorable to the Receiver, the Court is satisfied that Morgan maintained a fiduciary relationship with Eastern Display that rose to the level necessary to create an affirmative fiduciary duty. (Third Party Comp. ¶ 6.) As a director of Eastern Display Morgan possessed a duty to act for and give advice for the benefit of the company. (Third Party Compl. ¶¶ 6, 7.) Specifically, Morgan had a duty to administer the assets of Eastern Display "for the benefit of Eastern Display's Non-Insider Creditors." (Third Party Compl. ¶ 35.) Eastern display placed its confidence, faith, and trust in Morgan, relying upon his judgment and advice, and as held the dual positions of employee for Zwirn and Director for Eastern Display, Morgan was in a position to know that Eastern Display was "undercapitalized and/or insolvent from its inception." (Third Party Comp. ¶ 11.) Finally, as a director, Morgan was able to exercise influence over Eastern Display, and Eastern Display likely relied on Morgan's *Page 9 
assertions in good faith as a result of their relationship, which potentially "caused or induced Eastern Display's Non-Insider Creditors to provide materials and services on a credit basis to Eastern Display for which the Non-Insider Creditors were not paid." (Third Party Comp. ¶ 12.). This Court, therefore, denies Third Party Defendant Morgan's Motion to Dismiss the Third Party Complaint brought against him by the Receiver.
 CONCLUSION
Accepting the allegations in the Third Party Plaintiff's complaint as true and viewing those allegations in the light most favorable to the Third Party Plaintiff, the Court here denies the Third Party Defendant's Motion to Dismiss finding that based on the allegations in the complaint, the Third Party Plaintiff has stated a claim because he would be permitted to prove facts entitling him to relief. Prevailing counsel may present an order consistent herewith to be settled after due notice to other counsel of record.
[1] The Erickson opinion was issued on June 4, 2007, only 14 days after the May 21, 2007 opinion in Twombly.