James D'OLIVEIRA

v.

RARE HOSPITALITY
INTERNATIONAL,
INC.

No. 2003–124–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 2004.

Jeffrey S. Michaelson, Kingtown, for Plaintiff.

R. Kelly Sheridan, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 2, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiff, James D'Oliveira (plaintiff or D'Oliveira), has appealed the entry of summary judgment in favor of the defendant, Rare Hospitality International, Inc. (defendant or RHI). After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

In 1993, plaintiff was employed by RHI's predecessor-in-interest, The Capital Grille, as an executive chef. Thereafter, RHI acquired The Capital Grille and became plaintiff's employer. The plaintiff avers that upon accepting employment with The Capital Grille and continuing his employment with RHI, he was promised severance benefits based on a policy that would provide him with certain benefits upon termination of his employment. Although plaintiff did not have any documents evidencing the terms of this severance policy and was unaware of the policy details, he states that he continued his employment in reliance upon the promised severance package, which he believed would be based upon tenure and salary at the time of separation.

The record discloses that upon acquiring The Capital Grille, RHI provided plaintiff with a document entitled "Support Center Handbook" (handbook). The handbook contained a disclaimer that provided:

*"This handbook is not intended to be a contract, express or implied, between [the employee] and [RHI] * * * Management reserves the right to revise any or all policies, procedures, practices,* and benefits in whole or in part, with or without notice, at any time.*

"In no event will the hiring of an employee be considered as creating a contractual relationship between the team member and [RHI], and any such relationship shall be defined as 'employment at will', where either party may end the relationship at any time." (Emphasis added.)

The handbook also stated that "[RHI] has a severance policy in place, based on tenure and salary with the Company" and advised its employees to contact their human resources department "[f]or information on severance policy practices."

On February 1, 1999, one month before plaintiff was fired, RHI instituted a new severance policy. The former policy, based on salary and tenure, was abandoned for a completely subjective approach that allowed management to "determine the appropriateness and calculation of a severance package." An RHI employee, Bill Burnett, informed plaintiff of the new severance policy in March 1999. Although plaintiff was not told about the specific changes to the severance policy at this meeting, Burnett did inform him of the policy's "arbitrary" nature. The plaintiff never inquired about the specific changes and details of the new severance policy, but he continued to believe he was entitled to a severance amount based upon his tenure and salary level.

During that same month, plaintiff was terminated because of his plans to open a competing restaurant and for repeatedly failing to disclose his intentions to RHI. Prior to his termination, RHI offered plaintiff the opportunity to resign with a severance package that included approximately eight weeks of salary. The plaintiff declined the offer, and he was terminated without severance.

The plaintiff filed a complaint in Superior Court asserting that RHI had breached an agreement between the parties and that he was entitled to certain severance benefits. Specifically, D'Oliveira alleged that he continued his employment with RHI in reliance upon RHI's promise to provide him with a severance package commensurate with his tenure and salary at the time of his dismissal. In response, RHI moved for summary judgment, contending that under statutory and common law, an employer is obligated to provide severance only to the extent that it is promised to an employee and, because the severance policy in effect at the time of plaintiff's termination rested in the absolute discretion of management, RHI was free to terminate plaintiff without any severance benefits. Finding that the handbook clearly provided that all policies were subject to revision, the trial justice concluded that although he believed the result was unfair, the case was controlled by *Roy v. Woonsocket Institution for Savings*, 525 A.2d 915 (R.I. 1987), in which this Court held that when "an employer notifies its employees that its policies are subject to unilateral change, the employees can have no legitimate expectation that any particular policy will remain in force." *Id.* at 918 (quoting *Dudkin v. Michigan Civil Service Commission*, 127 Mich.App. 397, 339 N.W.2d 190, 195 (1983)). Accordingly, the trial justice held that in denying plaintiff severance benefits RHI acted within its discretion. The plaintiff timely appealed.

■ On appeal, plaintiff contends that our holding in *Roy* is inapplicable because he has not asserted that the employee handbook established a contract that he now seeks to enforce. Rather, plaintiff asserts that his contract was established the "old-fashioned way" through an offer, acceptance and consideration. As such, plaintiff argues that he is entitled to severance because he continued working for RHI while relying on RHI's promise to provide severance benefits when he was dismissed. We disagree.

■ "It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis." *M & B Realty, Inc. v. Duval*, 767 A.2d 60, 63 (R.I.2001). "In conducting such a review, we are bound by the same rules and standards as those employed by the trial justice." *Id.* "[A] party who opposes summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). "[W]e will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Woodland Manor III Associates v. Timothy R.E. Keeney*, 713 A.2d 806, 810 (R.I.1998).

■ To create a valid contract, the parties must have an "intention to promise or be bound through offer and acceptance." *Filippi v. Filippi*, 818 A.2d 608, 623 (R.I.2003) (citing *Smith v. Boyd*, 553 A.2d 131, 133 (R.I.1989)). In general, in determining whether a contract has been formed, this Court "shall look to an external interpretation of the party's or parties' intent as manifested by action." *Smith*, 553 A.2d at 133. In addition to mutual assent, contract formation also requires mutuality of obligation, which is achieved "when both parties are 'legally bound through the making of reciprocal promises.'" *Centerville Builders, Inc. v. Wynne*, 683 A.2d 1340, 1341 (R.I.1996) (per curiam) (quoting *Crellin Technologies, Inc.*

*v. Equipmentlease Corp.*, 18 F.3d 1, 7–8 (1st Cir.1994)).

The plaintiff asserts that he and defendant formed an enforceable agreement when he agreed to continue his employment with RHI because it promised to pay severance benefits based on salary and length of service. The record, however, fails to disclose any evidence that RHI made such a promise. Although plaintiff avers that "as part of [his] compensation package, [he] was advised that [he] was covered by a severance policy," he has not provided this Court with any evidence establishing this contention.

The plaintiff never received any documents evidencing the conditions of RHI's severance policy nor did he ever inquire into its details. The only document plaintiff produced to support his claim was the RHI employee handbook. Although the handbook stated that RHI had "a severance policy in place, based on tenure and salary with the company," the handbook also clearly stated that it was "not intended to be a contract * * * between [the employee] and [RHI]" and that it reserved the right to revise all its policies at any time. As the trial justice properly noted, this Court has previously held that employees cannot have a legitimate expectation that a particular policy will remain in effect when he or she has been notified that the policy is subject to unilateral change. *Roy*, 525 A.2d at 918. RHI expressly reserved its right to amend the severance policy at any time and so informed plaintiff in the handbook. Consequently, plaintiff's contention that the employee handbook was intended to serve as a promise of severance based upon tenure and salary is without merit.

After reviewing the record, we are satisfied that the plaintiff has failed to provide any evidence to establish that RHI intended to promise or be bound by an offer to provide severance commensurate with tenure and salary. As such, we conclude that no genuine issue of material fact exists and that RHI is entitled to summary judgment. For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.