Richard HYATT

v.

VILLAGE HOUSE CONVALESCENT HOME, INC., et al.

No. 2004–25–Appeal.

Supreme Court of Rhode Island.

Aug. 24, 2005.

Thomas E. Folcarelli, for Plaintiff.

Matthew D. Kelly, Providence, for Defendant, Norman Rudolph.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, Richard Hyatt, appeals from a Superior Court judgment in favor of the defendant, Norman Rudolph, M.D., which judgment was entered after the Superior Court granted Dr. Rudolph's Super.R.Civ.P. 12(b)(6) motion to dismiss the plaintiff's complaint to the extent that it related to him.[1] This case came before the Supreme Court for oral argument on March 1, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the

---

1. The plaintiff filed an appeal with this Court after defendant's motion to dismiss was granted but before judgment was entered. After a prebriefing conference, we remanded the case to the Superior Court for consideration and determination of a motion for entry of judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. That motion was granted by the Superior Court, and a Rule 54(b) judgment in defendant Dr. Rudolph's favor was entered on June 8, 2004. The case was then returned to this Court for further proceedings on appeal.

parties, we are of the opinion that cause has not been shown and that this case should be summarily decided.

## Facts and Travel

Since this is an appeal from the granting of a Rule 12(b)(6) motion, we rely on the allegations set forth in plaintiff's complaint and we accept them as true at this juncture.

On August 15, 2002, plaintiff was employed as a registered nurse at Village House Convalescent Home, Inc. (Village House). On that evening, a fellow nurse, Geraldine Gerardi, asked plaintiff to assist her with an uncooperative patient. (The patient was refusing to allow the nurse to remove a lidoderm patch.) The plaintiff alleges that he suggested that nurse Gerardi contact defendant Dr. Rudolph, the medical director of Village House, to ask how they should deal with the patient. Nurse Gerardi spoke with Dr. Rudolph, who instructed her to contact the pharmacist to obtain information about the lidoderm patch. The plaintiff alleges that nurse Gerardi contacted the pharmacist and was told to remove the patch as soon as possible. Upon reading some pharmaceutical information pertaining to the patch, plaintiff helped nurse Gerardi remove the patch. According to the complaint, Village House "by and through its agents and/or servants" reported the patch incident to the Board of Nursing, which ultimately found that plaintiff had not engaged in unprofessional conduct.

The plaintiff was later terminated from his position at Village House allegedly as a result of the August 15, 2002 incident and was subsequently unable to secure employment at another nursing facility. On July 15, 2003, plaintiff filed a complaint in the Superior Court for Newport County, naming as defendants Village House, Dr. Rudolph, and three other people. The complaint consisted of five counts—viz., defamation (count 1), breach of contract (count 2), wrongful termination (count 3), intentional interference with contract and prospective economic relations (count 4), and malicious institution of civil proceedings (count 5).

On August 26, 2003, defendant Dr. Rudolph filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), contending that plaintiff had failed to state a claim upon which relief can be granted. The defendant argued that his involvement in the case, according to the factual allegations in plaintiff's complaint, was limited to his receipt of a phone call from nurse Gerardi and his suggestion that she speak to the pharmacist. The motion justice concluded that plaintiff's complaint did not contain any factual allegations to support any cause of action against Dr. Rudolph; and, therefore, the motion justice dismissed plaintiff's complaint as it pertained to Dr. Rudolph.

## Standard of Review

We need not comment at the present juncture on the substance of plaintiff's complaint;[2] Rule 12(b)(6) does not deal with the likelihood of success on the merits, but rather with the viability of a plaintiff's bare-bones allegations and claims as they are set forth in the com-

---

2. We express our displeasure with the carelessly drafted nature of the complaint. As just one example (among many) of that carelessness, we note that count 1 fails to make it clear which defendant(s) allegedly defamed plaintiff. At several junctures, the complaint in this case comes perilously close to not giving the various defendants fair and adequate notice of what is alleged. *See Butera v. Boucher,* 798 A.2d 340, 353 (R.I.2002). It is a fundamental principle that *all* parties in litigation have a due process right to fair and adequate notice.

plaint.[3]  Accordingly, we shall analyze each of the counts in plaintiff's complaint in light of the notably lenient standards of our Rule 12(b)(6) jurisprudence.  Under those standards, it must be assumed that the allegations in the complaint are true. *Estate of Sherman v. Almeida,* 747 A.2d 470, 473 (R.I.2000).[4]  Further, a Rule 12(b)(6) motion is not to be granted unless the defendant can establish that plaintiff has no entitlement to relief.  *Estate of Sherman,* 747 A.2d at 473; *Gagnon v. State,* 570 A.2d 656, 657 (R.I.1990).  As we stated in *Hendrick v. Hendrick,* 755 A.2d 784 (R.I.2000): "A motion to dismiss under Rule 12(b)(6) will only be granted 'when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim.' " *Hendrick,* 755 A.2d at 793 (quoting *Bruno v. Criterion Holdings, Inc.,* 736 A.2d 99, 99 (R.I.1999) and *Folan v. State,* 723 A.2d 287, 289 (R.I.1999)); *see also Ellis v. Rhode Island Public Transit Authority,* 586 A.2d 1055, 1057 (R.I.1991).

Under our Rule 12(b)(6) jurisprudence, before such a motion may be granted, the trial justice must find "beyond a reasonable doubt that the plaintiff will be unable to prove his right to relief, * * * that is to say, unless it appears to a certainty that he will not be entitled to relief under any set of facts which might be proved in support of his claim." *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 12, 227 A.2d 582, 584 (1967).

■ Moreover, in most instances, one drafting a compliant in a civil action is not required to draft the pleading with a high degree of factual specificity.[5]  *Id.* That is not to say, however, that the drafter of a complaint has no responsibilities with respect to providing some degree of clarity as to what is alleged; due process considerations are implicated, and we require that "the complaint give the opposing party *fair and adequate notice* of the type of claim being asserted." *Butera v. Boucher,* 798 A.2d 340, 353 (R.I.2002) (emphasis added.)

## Analysis

We now proceed to apply those standards to the case at bar.

■ In our judgment, count 1 (alleging defamation) should have survived the Rule 12(b)(6) ax, although just barely.  The allegations in this count indicate, albeit opaquely, that one or more of the individual defendants may have defamed plaintiff.  Conceivably, plaintiff has a good-faith basis for alleging that defendant defamed him.  (This is a matter which carefully

---

**3.** Although we are reversing the motion to dismiss with respect to certain counts in the complaint, we wish to observe that, in addition to discovery, this defendant will of course be free to utilize, as appropriate, the dispositive mechanisms of such rules as Rule 50 and Rule 56 of the Superior Court Rules of Civil Procedure as this case proceeds.

By the same token, in view of the very imprecise nature of several of the allegations in the complaint, we caution plaintiff's counsel to take great care with respect to accuracy as he pursues this litigation.

**4.** We stated in *Salvadore v. Major Electric & Supply, Inc.,* 469 A.2d 353 (R.I.1983) that "[i]f

there is any doubt about the sufficiency of the complaint, we construe it 'in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true.' " *Id.* at 357 (quoting *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 12, 227 A.2d 582, 584 (1967)).

**5.** There are some occasions when particularity is required in pleadings.  *See, e.g.,* Rule 9(b) of the Superior Court Rules of Civil Procedure ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").

focused discovery should be able to clarify rather quickly.)

 Count 2 (which alleges that "Defendant breached it's [*sic*] legally implied promise to treat employees fairly") was properly dismissed. By any fair reading, this count is directed only to Village House. The complaint states that plaintiff "was employed at [Village] House as a Registered Nurse * * *." There is no allegation that defendant Dr. Rudolph was a party to any contractual relationship with plaintiff, and therefore he should not be a defendant under this count—even if it otherwise states a cause of action.[6]

 Count 3 (entitled "Wrongful Termination") was properly dismissed. The complaint specifically alleges that plaintiff "was working at [Village] House on the evening of August 15, 2002." There is no allegation that there was any employment relationship between plaintiff and defendant Dr. Rudolph, and therefore he should not be a defendant under this count—even if it *otherwise states a cause of action.*

 Count 4 (entitled "Intentional Interference with Contract and Prospective Economic Relations") should not have been dismissed. It alleges (albeit just barely) that the "agents and/or servants" of Village House actually committed the intentional tort that is the subject of this count.

 Count 5 was properly dismissed. In this instance, the pleader has explicitly alleged that the "Defendant [Village] House" initiated the civil proceedings that he contends were maliciously instituted.[7] This count cannot fairly be read as alleging that the defendant Dr. Rudolph instituted the civil proceedings in question.

### Conclusion

For these reasons, we affirm the dismissal of counts 2, 3, and 5 of the complaint, but we remand the case to the Superior Court for further proceedings with respect to counts 1 and 4. The record may be returned to the Superior Court.

---

**6.** But *see Galloway v. Roger Williams University,* 777 A.2d 148, 150 (R.I.2001); *Pacheco v. Raytheon Co.,* 623 A.2d 464, 465 (R.I.1993).

**7.** The plaintiff alleges in count 5 that the civil proceedings were maliciously instituted by Village House "by and through its agents and/or servants * * *." The plaintiff does not allege, however, that the "agents and/or servants" were anything more than passive conduits through which the corporate entity caused the civil proceedings to be instituted.

(The allegations in count 5 are to be contrasted with those in count 4. It is alleged in count 4 that Village House or its agents and/or servants actually made "direct statements" that resulted in plaintiff's not obtaining employment with another entity. Count 5, by contrast, simply alleges that the agents and/or servants were instrumentalities "by and through" whom the subject report to the Board of Nursing was made.)