DECISION
Before this Court is a Super. R. Civ. P. Rule 12(b)(6) motion to dismiss[1] brought by John Howland (Howland) and Bradford Soap International, Inc. (BSI), (collectively, Defendants) against Plaintiff Frances Gammell-Roach (Plaintiff). Defendants claim they are entitled to dismissal on Counts I, II, and V of the complaint[2] because such claims are derivative in nature and Plaintiff has failed to plead a derivative action as required by Super. R. Civ. P. Rule 23.1. Plaintiff argues that her claims against the Defendants are not derivative, but rather, when viewed as a whole, constitute a proper cause of action alleging an oppressive freeze out of the Plaintiff by the Defendants.
 I Facts and Travel
BSI, founded in 1876 as Original Bradford Soap Works, Inc., is a closely held Rhode *Page 2 
Island corporation that specializes in the production of a broad range of soaps and cleansing products. Plaintiff, a former employee, officer, and member of the Board of Directors of BSI, worked for the corporation and its predecessor in interest for approximately twenty years. She is currently a minority shareholder of BSI. Howland, the Chief Executive Officer, President, and Chairman of the Board of Directors of BSI, is also the Plaintiff's brother. Plaintiff purports that Howland and his immediate family own 50.5 % of the common stock and all of the voting stock of BSI, while Plaintiff owns 38.8 %, and her three children each own 1.6 %.
On or about June 11, 1999, Plaintiff entered into an agreement (Agreement) with BSI, and certain related entities under which she agreed to early retirement from BSI. Under the terms of the Agreement, Plaintiff agreed that her BSI voting common stock would be converted to Class B non-voting stock and that any subsequently acquired shares of BSI voting stock would immediately be converted to Class B non-voting stock. The Agreement also required BSI to furnish the Plaintiff with certain information including copies of quarterly and annual financial statements, copies of all the directors' pre-meeting information packages, and copies of all routine financial information furnished to BSI's lenders. Plaintiff alleges that she has not received any of the information specified in the Agreement despite written demand upon both Howland and BSI.
Further, according to the Plaintiff, after the death of her and Howland's father in 2001, at which time Howland became Chairman of the Board of Directors, Howland allegedly began mismanaging the company severely. Plaintiff has alleged that despite a decline in BSI's financial performance, Howland has provided himself with excessive compensation, misappropriated funds, engaged in self dealing, and misused corporate resources. Plaintiff also alleges that after she refused to sell her corporate stock to Howland, she was subsequently *Page 3 
marginalized as a Director, excluded from meetings concerning Board business, and removed as a member of the Board.
Plaintiff filed the instant action alleging, inter alia, that Howland breached his fiduciary duty to her and that his actions had the effect of "freezing out" or depriving her, a minority shareholder, of a voice in the corporation. BSI filed a 12(b)(6) motion to dismiss Counts I, II, and V of Plaintiff's Complaint. Howland joined in BSI's motion to dismiss such Counts of the complaint.
 II Standard of Review
It is well-settled in Rhode Island that the role of a Rule 12(b)(6) motion is merely to test the sufficiency of the complaint.See Toste Farm Corp. v. Hadbury, Inc., 798 A.2d 901, 905
(R.I. 2002) (quoting R.I. Employment Sec. Alliance, Local 401,S.E.I.U., AFL-CIO v. State Dep't of Employment andTraining, 788 A.2d 465, 467 (R.I. 2002)); seealso Pellegrino v. R.I. Ethics Comm'n,788 A.2d 1119, 1123 (R.I. 2002)) (stating that "[t]he standard for granting a motion to dismiss is a difficult one for the movant to meet"). The complaint must give fair and adequate notice of the plaintiff's claim, but in most cases, it need not contain a high degree of factual specificity. See, e.g., Hyatt v.Village House Convalescent Home, Inc., 880 A.2d 821, 824 (R.I. 2005) (per curiam). "When ruling on a Rule 12(b)(6) motion, the trial justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a [non-movant's] favor." Id. (quoting Rhode IslandAffiliate, ACLU v. Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989)). The court should grant such a motion "only when it is clear beyond a reasonable doubt that the [non-movant] would not be entitled to relief under any set of facts that could be proven in support of the claim." Siena v. Microsoft Corp., 796 A.2d 461,463 (R.I. 2002). *Page 4 
 III Discussion
In the instant matter, Plaintiff has alleged that Howland has engaged in a long course of conduct which constitutes an oppressive freeze-out and a breach of the fiduciary duty owed by Howland to the Plaintiff. Plaintiff also requests that this Court appoint a nonliquidating, equitable receiver of BSI to avoid the further alleged mismanagement, waste, and self-dealing engaged in by Howland. Additionally, Plaintiff seeks an injunction enjoining BSI from continuing to pay allegedly excessive compensation and from making further loans to Howland.
According to the Defendant, since the harms alleged by Plaintiff attempt to redress alleged injuries to BSI and not injuries personalized to the Plaintiff, they are classic derivative claims and should only be brought in a derivative action. Further, Defendants argue that in failing to allege that Plaintiff made a demand on BSI's Board of Directors for her desired action, Plaintiff has failed to properly plead a derivative action under Rule 23.1, justifying dismissal of her complaint. However, Plaintiff asserts that her complaint does not comply with Rule 23.1 because she did not attempt to bring a derivative action. Plaintiff contends that she has properly plead a cause of action for breach of fiduciary duty, which fits within the description of oppression set forth by the Rhode Island Supreme Court in Hendrick v. Hendrick,785 A.2d 784, 791-92 (R.I. 2004). Defendants, also relying on the decision in Hendrick, counter that Plaintiff's characterization of her derivative claims as "an oppressive freeze-out" does not relieve her of the pleading requirements in Rule 23.1.
It is well-settled in Rhode Island that corporate officers and directors of any corporate enterprise, public or close, are corporate fiduciaries that owe a duty of loyalty to the corporation as well as to its shareholders. A. Teixeira Co. v.Teixeira, 699 A.2d 1383, 1386 (R.I. 1997). Further, our Supreme Court has recognized that aside from officers and directors, "the *Page 5 
shareholders themselves in a closely held family corporation may have a fiduciary duty toward one another and to the minority shareholders because of the potential for oppression by the majority toward the minority shareholders by simple virtue of majority voting share power, coupled with the absence of a ready market for a closely held corporation's shares." Hendrick, 755 A.2d at 789. Therefore, as an officer, director, and a majority shareholder of BSI, Howland had the duty as a fiduciary to treat the Plaintiff "with the utmost good faith." Id. at 790 (citing Point TrapCo. v. Manchester, 98 R.I. 49, 54, 199 A.2d 592, 596 (1964)).
Defendants argue that Plaintiff's allegations with regard to the breach of such fiduciary relationship are misplaced and should properly be asserted in a derivative action. According to the Defendants, Plaintiff has asserted classic derivative claims. Since BSI does have an independent Board of Directors, if Plaintiff's claims are in fact derivative, she would be required under Rule 23.1 to allege "the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors . . . and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Super. R. Civ. P. Rule 23.1. This Court is familiar with the standard for determining whether a suit is derivative or direct in nature.
 The general rule is that an action to redress an injury to a corporation must be brought as a derivative suit and may not be maintained by shareholders acting in their individual capacities. However, if the injury in question is one sustained by the shareholders, directly, they may sue on their own behalf. In determining whether a particular claim is derivative or personal, the Court must consider the nature of the harm inflicted and the nature of the rights violated. Where the injury is personalized to a shareholder and flows from a violation of rights inherent in the ownership of stock, suit may be brought by the shareholders. On the other hand, where the injury is to the corporation and only affects the shareholders incidentally, the action is derivative. Kamen v. Kemper Fin. Servs, Inc., 500 U.S. 90, 95 (1991); see also Dunn v. Shannon, 2005 WL 1125315 (R.I. Super. 2005). *Page 6 
Therefore, in the instant matter, although the Plaintiff has made several allegations which assert harms to the corporation, she has also alleged that Howland's conduct was oppressive to her personally and had "the overall effect of freezing out or depriving Plaintiff as the minority shareholder of a voice in the corporation, as well as depriving her of her income from BSI." Complaint ¶ 104. Although Plaintiff's allegations individually may be of a derivative nature, this Court is mindful not to "miss the forest for the trees."See Hendrick, 755 A.2d at 792.
In Hendrick, the Court noted that when reviewing claims concerning oppression, the inquiry should not focus on each count individually, but rather should be broader and examine whether, as a whole, the alleged pattern or series of acts committed by the majority shareholders rose to a level of oppression. Id.
According to the Hendrick Court, the oppressive conduct of a majority shareholder "can manifest itself in a range of actions designed to disadvantage or freeze out a minority shareholder" including but not limited to refusing to declare dividends, wasting corporate assets by providing exorbitant salaries and bonuses to the majority shareholder-officers and perhaps their relatives, and depriving minority shareholders of corporate offices and employment.Id. at 791-92. (citations omitted.) Likewise, oppression also has been found to exist where relevant financial information is withheld from shareholders. Id. The Hendrick Court held that the counterclaimant had demonstrated, through her allegations concerning the closely held family corporation's pattern of conduct — including the grant of excessive bonuses to officers, the failure to declare dividends, and the denial of access to corporate books and records — an arguable case for oppression, which precluded summary judgment.
In the instant matter, the Plaintiff has made extremely similar allegations. Under her claim for breach of fiduciary duty, her allegations not only concern a closely held family corporation, but also center around its refusal to declare dividends, the payment of excessive *Page 7 
salaries and bonuses to Howland and possibly his family members, the waste of corporate assets, and the usurpation of corporate opportunities. Separately, these allegations which allege harm to the corporation itself, may have been more properly asserted in a derivative action. However, when considered as a whole, and coupled with Plaintiff's allegations that she, as a Board member and minority shareholder, was prevented from participating meaningfully in the affairs of the corporation and denied access to relevant financial information, this Court is satisfied that Plaintiff has properly plead a personal cause of action. As discussedsupra, oppressive acts of majority shareholders in a closely held corporation can have the cumulative effect of freezing out or depriving a minority shareholder, such as the Plaintiff, of a voice in the corporation, creating an individual rather than derivative cause of action. Therefore, after reviewing the complaint and accepting its allegations to be true, this Court denies Defendants' motion to dismiss Counts I, II, and V of the complaint.
 VI Conclusion
After due consideration of the arguments advanced by counsel at oral argument and in their memoranda, the Court finds that the allegations in the Plaintiff's complaint concern conduct of the Defendants, which, when considered as a whole, could constitute an oppressive "freezing out" of the Plaintiff as a minority shareholder. Therefore, Plaintiff has not failed to plead a derivative action under Rule 23.1, but rather has properly stated an individual claim for breach of fiduciary duty, for which she will be permitted to prove facts entitling her to relief. Accordingly, the Court hereby denies the Defendants' motion to dismiss Counts I, II, and V, of the complaint.
Prevailing counsel may present an order consistent herewith which shall be settled after due notice to counsel of record.
[1] Plaintiff has filed six counts in her complaint: Count I — Breach of Fiduciary Duty; Count II — Appointment of an Equitable Receiver; Count III — Breach of Contract; Count IV — Violation of G.L. 1956 § 7-1.2-1502(b); Count V — Injunctive Relief; and Count VI — Declaratory Relief. The Defendants have only moved to dismiss Counts I, II, and V of the complaint.
[2] The original complaint in this action was filed on June 17, 2009. Defendants filed a motion to dismiss and a hearing was held before this Court. Subsequently, Plaintiff filed a supplemental verified complaint in this action, to which there was no objection filed. The supplemental verified complaint, which is now under consideration in the instant matter, sets forth transactions or events which have allegedly occurred since the date of the filing of the original complaint, but does not assert any new causes of action.