December 17, 2019

**Supreme Court**

No. 2018-177-Appeal.
(NC 17-330)

John Ferreira                          :

          v.                           :

Child and Family Services of Rhode Island.    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

John Ferreira          :

v.                     :

Child and Family Services of Rhode Island.     :

Present: Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The plaintiff, John Ferreira, is challenging the dismissal of his first amended complaint against the defendant, Child and Family Services of Newport County (CFS).[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

In August 2017, Ferreira filed a complaint in Newport County Superior Court, claiming that his former employer, CFS, defamed him and discriminated against him based on his age,

---

[1] The plaintiff named "Child and Family Services of Rhode Island" as the defendant in his initial complaint, but served the complaint upon Child and Family Services of Newport County.  He then amended the defendant's name to "Child and Family Services (C&FS) of Newport Co[unty]" in his first amended complaint.  Child and Family Services of Newport County is the proper party defendant in this case, despite the caption indicating otherwise.

gender, and "hostile environment[.]" The factual allegations asserted that Ferreira, who had been employed by CFS for nine years, resigned from his position after a newly hired clinician undermined him at the workplace by reporting false accusations against him to their supervisors, who in turn inappropriately disciplined Ferreira. CFS filed a motion to dismiss the complaint, which a hearing justice of the Superior Court granted, in part for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure because Ferreira had not exhausted his administrative remedies by obtaining the required right to sue letter from the Rhode Island Commission for Human Rights, and in part for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). The dismissal was without prejudice, however, and Ferreira was given twenty days from the date of the decision to file an amended complaint.

Ferreira timely filed an amended complaint, adding a few new factual allegations and claims.[2] Accepting the factual allegations in the amended complaint as true—as we must when we consider an appeal from the grant of a motion to dismiss pursuant to Rule 12(b)(6), *Chariho Regional School District v. State*, 207 A.3d 1007, 1012 (R.I. 2019) (*Chariho*)—Ferreira's circumstances were as follows. He was over forty years old and had worked at CFS, a nonprofit agency, for nine years, having always received "good" evaluations. He was "very experienced with [CFS's] clients." In the summer of 2016, CFS hired a young, inexperienced female clinician, who "undermined" Ferreira by accusing him "of inappropriate communication and incompetence to management, co-workers and clients" and by "refusing to back him up when he tried to enforce policy with the clients." CFS "treated the clinician better than they treated [Ferreira]." CFS summoned Ferreira to a disciplinary meeting, confronting him with the "young" clinician's

---

[2] Ferreira obtained a right to sue letter from the Commission for Human Rights prior to filing his amended complaint.

accusations as well as references to prior events for which Ferreira had not previously been made aware or disciplined. CFS presented Ferreira with a "last written warning[,]" which he refused to sign. One of Ferreira's managers frequently told Ferreira, a retired police officer: "You're not a cop anymore[,]" which Ferreira took to be a reference to his age. Ferreira "suffered stress, embarrassment, and financial hardship from these events[,]" "sought relief from his physician[,]" and was placed on stress leave. Ferreira resigned, but shortly thereafter attempted to rescind his resignation, which CFS "refused to accept" and "terminated [his] service while he was on stress leave citing his resignation." Neither the initial complaint nor the amended complaint specified any dates, sequence, or chronology for these alleged events.

Ferreira asserted several claims in his amended complaint: Defamation (specifying all of its varieties: slander, libel, and false light); constructive termination; discrimination based on disparate treatment, age, and gender pursuant to G.L. 1956 chapter 112 of title 42 and G.L. 1956 § 28-5-7; and breach of the covenant of good faith and fair dealing. CFS responded with a motion to dismiss the amended complaint. At the conclusion of the hearing on this motion, the hearing justice dismissed the defamation claim and the claim of breach of the covenant of good faith and fair dealing and took the claims for discrimination and constructive termination under advisement. Over one month later, in a written decision, the hearing justice dismissed the remaining age and gender discrimination claims, as well as Ferreira's claim for "constructive termination," and dismissed the entire amended complaint, with prejudice. Ferreira challenges the dismissal of each claim in his amended complaint.[3]

_____

[3] As the parties are aware, the sequence of procedural events after the hearing on CFS's motion to dismiss was somewhat convoluted and out of the ordinary procedural order. Ferreira's claims of defamation and breach of good faith and fair dealing were dismissed at the May 7, 2018 hearing. On May 25, Ferreira filed a notice of appeal, listing the May 7 hearing date entered on the form as the "date of Judgment or Order Appealed From." On May 31, the Superior Court clerk entered an

## II

## Standard of Review

The purpose of a motion to dismiss for failure to state a claim upon which relief may be granted is "to test the sufficiency of the complaint." *Chariho*, 207 A.3d at 1012 (quoting *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018)). When this Court reviews the grant of a motion to dismiss pursuant to Rule 12(b)(6), we apply the same standard as the hearing justice. *Id.* "[W]e assume the allegations contained in the complaint [are] true and view the facts in the light most favorable to the plaintiff[]." *Id.* (quoting *Rein v. ESS Group, Inc.*, 184 A.3d 695, 699 (R.I. 2018)). "We will affirm a trial justice's grant of a motion to dismiss 'when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim.'" *Id.* at 1012-13 (quoting *Rein*, 184 A.3d at 699).

## III

## Discussion

Before us, Ferreira argues that his amended complaint fulfilled the purpose of the general pleading rules by providing adequate notice to CFS of his claims for defamation, discrimination, constructive termination, and breach of the covenant of good faith and fair dealing. He also asserts that his amended complaint should not have been dismissed with prejudice and that he should have been given leave to amend his complaint once again. CFS responds that the hearing justice

order memorializing the hearing justice's oral decision to dismiss the claims of defamation and breach of the covenant of good faith and fair dealing and to take the remaining counts under advisement. The hearing justice's written decision granting CFS's motion to dismiss the age and gender discrimination claims as well as the constructive termination claim entered on June 13, 2018. Final judgment, however, did not enter until September 13, 2019, after this case was scheduled for oral argument before us. Because the final judgment was eventually filed, we will address the dismissal of each of his claims.

- 4 -

properly dismissed the amended complaint with prejudice because the pleading lacked any factual allegations to support the required elements of the claims alleged in the pleading.

**A**

**Defamation**

"To prevail in a defamation action, a plaintiff must prove: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) damages, unless the statement is actionable irrespective of special harm." *Burke v. Gregg*, 55 A.3d 212, 218 (R.I. 2012) (quoting *Marcil v. Kells*, 936 A.2d 208, 212 (R.I. 2007)); *see also Shannahan v. Moreau*, 202 A.3d 217, 231 (R.I. 2019). "With respect to the first element of defamation, a plaintiff must show that the statement is false and malicious, imputing conduct which injuriously affects a man's reputation, or which tends to degrade him in society or bring him into public hatred and contempt." *Id.* (brackets and deletion omitted) (quoting *Marcil*, 936 A.2d at 212). However, "a pleading need not include the ultimate facts that must be proven in order to succeed on the complaint or * * * set out the precise legal theory upon which his or her claim is based." *Oliver v. Narragansett Bay Insurance Company*, 205 A.3d 445, 451 (R.I. 2019) (quoting *Rhode Island Mobile Sportsfishermen, Inc. v. Nope's Island Conservation Association, Inc.*, 59 A.3d 112, 119 (R.I. 2013)). While a plaintiff in a civil action "is not required to draft the pleading with a high degree of factual specificity[,]" the plaintiff is responsible for "providing some degree of clarity as to what is alleged[.]" *Hyatt v. Village House Convalescent Home, Inc.*, 880 A.2d 821, 824 (R.I. 2005). "[D]ue process considerations are implicated, and we require that 'the complaint give the opposing party *fair and adequate notice* of the type of claim being asserted.'" *Id.* (quoting *Butera v. Boucher*, 798 A.2d 340, 353 (R.I. 2002)). A Rule 12(b)(6) motion "does not deal with the likelihood of

success on the merits, but rather with the viability of a plaintiff's bare-bones allegations and claims as they are set forth in the complaint." *Id.* at 823-24.

The hearing justice concluded that Ferreira had not alleged the required element of publication with the requisite level of specificity in the pleading and dismissed Ferreira's claim that CFS had engaged in the tort of defamation. The hearing justice also concluded that the allegations of misleading and exaggerated statements regarding Ferreira's work performance were insufficient to survive the motion to dismiss his cursory claims for slander, libel, and false light.

In his amended complaint, Ferreira alleged that the new clinician "undermined" him "by refusing to back him up when he tried to enforce policy with the clients[,]" "undermined [him] to management, co-workers, and clients[,]" and "accused [him] of inappropriate communication and incompetence to management, co-workers and clients." Ferreira also alleged that "[t]he administration * * * exaggerated [his] work history and rendered misleading descriptions of long prior work events that [he] had never been disciplined or warned about that called into question [his] competence[,]" "admitted to one of [his] co-workers that they had 'pulled a shady' on [him,]" and a manager frequently undermined his age by stating, "You're not a cop anymore." Ferreira does not allege, however, that any of the statements made by the new clinician or the supervisors were false. At the end of the amended complaint, under the heading "Counts," Ferreira simply lists: "Defamation; including Slander, Libel, and False Light[,]" without any additional detail or allegations.

Mindful of the liberal pleading standards in our jurisdiction, we must decide whether alleging that a co-worker "undermined" or "accused" a plaintiff in the presence of clients and co-workers provides adequate notice to a defendant regarding the allegedly false statement published to an unprivileged third party. We have previously held that the use of the word "wrong" was, as

a matter of law, "too imprecise and vague to be verifiable as either true or false, and therefore, [it was] not actionable as a potentially defamatory communication." *Leddy v. Narragansett Television, L.P.*, 843 A.2d 481, 489 (R.I. 2004). In *Leddy*, the plaintiff accused the defendants of defamation after the defendants aired a news story about municipal employees who had retired with disability pensions working full-time for other government entities and who were collecting both a current salary and their disability pensions. *Id.* at 483-84. One of the defendants—a news reporter—had ambushed the plaintiff for an interview, and images of the reporter's attempt to interview the plaintiff aired in a promotional advertisement for the news broadcast with a voice-over stating that, if viewers wanted to avoid talking to investigative reporters, they should refrain from doing "anything wrong." *Id.* at 489.

In the instant case, the hearing justice concluded that this Court's holding in *Leddy* prescribed a heightened level of specificity in the pleadings. We disagree. *Leddy* presented an appeal from the grant of a motion for summary judgment, not from a motion to dismiss, therefore the lens through which we evaluate the claim is completely different. *See Leddy*, 843 A.2d at 484. We held in *Leddy* that the voice-over's statement in the advertisement was not defamatory as a matter of law and did not consider whether the allegations were sufficient to state a conceivable claim for defamation. *See id.* at 488, 489.

Although a claim for defamation may not be subject to a heightened standard of specificity in the pleadings, a defendant is entitled to "fair and adequate notice" of the basis of the claim asserted in a complaint. *Hyatt*, 880 A.2d at 824. Ferreira's allegations that defendant "undermined[,]" "accused[,]" and "exaggerated" are not equivalent to alleging that defendant published a false statement to a third party—here, presumably, CFS's clients. These words are

not synonymous with "false," and we therefore are of the opinion that Ferreira has not sufficiently alleged a claim for defamation, whether slander or libel.

Ferreira also listed the tort of "false light" as part of his defamation claim. In G.L. 1956 § 9-1-28.1(a)(4), the General Assembly created a broad individual right to privacy, including the "right to be secure from publicity that reasonably places another in a false light before the public[.]" "To prevail in an action for false light, a plaintiff must prove that there has been some publication of a false or fictitious fact which implies an association which does not exist; and the association which has been published or implied would be objectionable to the ordinary reasonable person under the circumstances." *Shannahan*, 202 A.3d at 231 (brackets omitted) (quoting *Alves v. Hometown Newspapers, Inc.*, 857 A.2d 743, 752 (R.I. 2004)). Ferreira's claim for false light was properly dismissed for the same reason as his claim for defamation: The amended complaint does not allege that CFS made any false statements about him.

**B**

**Breach of the Covenant of Good Faith and Fair Dealing**

The hearing justice dismissed Ferreira's claim that CFS breached the covenant of good faith and fair dealing because Ferreira had not alleged that any contract existed—either express or implied through employment policy. It is well settled that "[v]irtually every contract contains an implied covenant of good faith and fair dealing between the parties." *Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002) (quoting *Centerville Builders, Inc. v. Wynne*, 683 A.2d 1340, 1342 (R.I. 1996)). "[W]e have [also previously] explained that a claim for breach of the implied covenant of good faith and fair dealing does not create an independent cause of action separate and apart from a claim for breach of contract." *McNulty v. Chip*, 116 A.3d 173, 185 (R.I. 2015). Our review of the amended complaint reveals that Ferreira did not make any allegations

regarding the existence of an employment contract governing his employment relationship with CFS. Indeed, the allegations reveal remarkably little about Ferreira's employment with CFS; the only relevant allegations in the amended complaint are that CFS is a nonprofit agency in Rhode Island and that Ferreira worked for CFS for nine years. Without alleging that a contract—express or implied—existed between himself and CFS, Ferreira has not properly pled a claim for breach of the covenant of good faith and fair dealing.

## C

### Discrimination Claims

Ferreira also contends that he pled sufficient facts to state his claims for age discrimination, gender discrimination, and disparate treatment pursuant to § 28-5-7 and chapter 112 of title 42. The Fair Employment Practices Act, chapter 5 of title 28 (FEPA), prohibits employers from discharging an employee or discriminating against an employee on the basis of, *inter alia*, age, sex, or gender identity and expression. Section 28-5-7(1)(i) and (ii). The Civil Rights Act of 1990, chapter 112 of title 42, "provides all persons with 'full and equal benefit of all laws' regardless of sex or disability" as defined in FEPA. *DeCamp v. Dollar Tree Stores, Inc.*, 875 A.2d 13, 20 (R.I. 2005) (quoting § 42-112-1(a)). We have previously noted that claims of age discrimination and sex or gender discrimination require a similar legal analysis and can therefore be considered simultaneously. *See Neri v. Ross-Simons, Inc.*, 897 A.2d 42, 48 (R.I. 2006). This Court has also previously adopted the legal framework employed by the federal courts when considering these claims. *Id.* The plaintiff must establish a prima facie case of each claim. *Id.* at 48-49. With an age discrimination claim, the plaintiff must show that:

> "(1) [he or] she was at least forty years of age; (2) [his or] her job performance met the employer's legitimate expectations; (3) the employer subjected [him or] her to an adverse employment action (*e.g.*, an actual or constructive discharge); and (4) the employer had

a continuing need for the services provided by the position from which the claimant was discharged." *Bucci v. Hurd Buick Pontiac GMC Truck, LLC*, 85 A.3d 1160, 1170 (R.I. 2014) (quoting *Neri*, 897 A.2d at 49).

With a gender discrimination claim, the plaintiff must show that:

> "(1) [he or] she is a member of a protected class; (2) [he or] she was performing [his or] her job at a level that rules out the possibility that [he or] she was fired for inadequate job performance; (3) [he or] she suffered an adverse job action by [his or] her employer; and (4) [his or] her employer sought a replacement for [him or] her with roughly equivalent qualifications." *Neri*, 897 A.2d at 49 (quoting *DeCamp*, 875 A.2d at 21).

To withstand CFS's motion to dismiss, Ferreira was required to plead allegations to satisfy the prima facie elements of his discrimination claims. Taking the allegations in Ferreira's complaint as true, CFS did not actually discharge Ferreira from his employment. Ferreira resigned, and CFS terminated his employment on that basis. In the alternative, to sufficiently plead the adverse employment action of a constructive discharge, Ferreira had to allege that his working conditions had become so difficult that a reasonable person in his position would have felt compelled to resign. *See Wellborn v. Spurwink/Rhode Island*, 873 A.2d 884, 891 (R.I. 2005). While Ferreira alleged that he sought medical treatment for the stress resulting from the activity at work involving the new clinician, he did not allege that he felt compelled to resign.

Ferreira's gender discrimination claim is also insufficiently pled because there is no allegation that, after he resigned, CFS sought a replacement for him with similar qualifications. The allegations in the amended complaint are clear that the new clinician was hired to fill a position that was "hard to fill[,]" and that this position was available before Ferreira resigned. Ultimately, the amended complaint does not include sufficient facts to allege a prima facie case of either

employment discrimination or a civil rights violation.[4]  We therefore affirm the hearing justice's dismissal of Ferreira's discrimination claims.

## D

### Dismissal with Prejudice

Ferreira also argues that the hearing justice erred by dismissing the amended complaint with prejudice, as opposed to providing Ferreira with another opportunity to amend his pleading. Our review of the record reveals that the hearing justice provided detailed reasoning in his written decision dismissing Ferreira's initial complaint, including its deficiencies that led to the dismissal of all of the counts in that complaint.  Clearly, Ferreira did not take any cues from the hearing justice's first decision granting CFS's motion to dismiss without prejudice when Ferreira drafted his amended complaint.  As such, we agree with the hearing justice's conclusion that to provide Ferreira "with leave to amend for a second time would [have been] futile[.]"

## IV

### Conclusion

For the reasons set forth herein, the judgment of the Superior Court is affirmed.  The record of this case shall be returned to the Superior Court.

Justice Robinson did not participate.

---

[4] Ferreira also included a separate claim for "constructive termination."  We note that while constructive termination is a cognizable, independent claim under Title VII of the federal Civil Rights Act of 1964, *Wellborn v. Spurwink/Rhode Island*, 873 A.2d 884, 891 (R.I. 2005), there is no indication in Ferreira's amended complaint or his briefing statements before this Court that he pled this claim pursuant to this federal law.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | John Ferreira v. Child and Family Services of Rhode Island. |
| **Case Number** | No. 2018-177-Appeal.<br>(NC 17-330) |
| **Date Opinion Filed** | December 17, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brain Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Thomas Folcarelli, Esq. |
| | For Defendant:<br><br>Kristen Whittle, Esq.<br>Matthew R. Plain, Esq. |