December 10, 2020

**Supreme Court**

No. 2019-132-Appeal.
(PC 18-6082)

Mickeda Barnes et al.      :

v.           :

Rhode Island Public Transit      :
     Authority.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Mickeda Barnes et al.              :

v.                                 :

Rhode Island Public Transit        :
       Authority.


Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

# O P I N I O N

**Justice Goldberg, for the Court.**  This appeal came before the Supreme

Court in conference on October 8, 2020, in accordance with an order directing that

the case be decided on the basis of the filings by the parties.[1]  The plaintiff,

Mickeda Barnes (plaintiff), appeals *pro se* from the dismissal of her complaint in

the Superior Court pursuant to Rules 12(b)(1), (b)(3), and (b)(6) of the Superior

Court Rules of Civil Procedure.  After careful review of the parties' memoranda,

we are of the opinion that cause has not been shown and that this appeal may be

---

[1] This matter was scheduled for oral argument on the show cause calendar before this Court on October 7, 2020.  The plaintiff moved for a continuance on September 25, 2020, which this Court granted, in part.  On October 1, 2020, the Court ordered the case to be decided on the papers.

summarily decided.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## Facts and Travel

This case concerns the sufficiency of a 245-page pleading[2] that plaintiff filed in Superior Court against the defendant, Rhode Island Public Transit Authority (defendant or RIPTA), in 2018.[3]  The plaintiff was employed by RIPTA as a bus driver from 2002 to 2016; she has an extensive history of work-related injury claims against RIPTA and lengthy absences from work.  During the pendency of this appeal, there were at least three workers' compensation petitions pending in the Workers' Compensation Court and four petitions pending in the Appellate Division of the Workers' Compensation Court.  The plaintiff has filed at least twenty-five work-related claims against RIPTA since 2008.

In November 2017, plaintiff filed an action in the United States District Court for the District of Rhode Island, alleging that defendant discriminated against her, in violation of state and federal law.  Five months later, she filed an action in Superior Court, alleging that defendant had violated her constitutional and civil rights, failed to compensate her for workplace injuries, and failed to

---

[2] While the complaint itself was thirteen pages, it included over 200 pages of exhibits.

[3] We glean the facts largely from plaintiff's complaint, documents attached thereto, proceedings referenced therein, and court records.

reclassify her position. Thereafter, on April 25, 2018, plaintiff and defendant executed a settlement agreement and general release of all claims (settlement agreement) in both actions and "each and every claim or demand of every kind arising up to the date [plaintiff] sign[ed] [the settlement] agreement[.]" In exchange for this settlement and release, plaintiff was paid $150,000. The plaintiff was not satisfied.

Four months later, despite the settlement agreement, plaintiff filed yet another complaint—the instant action—in Superior Court.[4] The plaintiff now seeks $2.5 million for RIPTA's purported failure to compensate her for past workplace injuries.[5] According to plaintiff, RIPTA should have offered her more money in the settlement agreement; she seeks "a full and complete settlement of all claims and injuries that are work related to be paid up front * * *." The complaint also contains several other vague assertions against defendant, such as alleged misrepresentations by defendant in order to reduce its medical payments under the Workers' Compensation Act. Although the complaint refers to 42 U.S.C. § 1983, plaintiff failed to assert any specific violations under that statute. The complaint

---

[4] The other named plaintiffs in the Superior Court action, Sidney Robertson and Doreen Robertson, are the dependent daughters of plaintiff. They have not joined in plaintiff's appeal to this Court, nor have they filed separate notices of appeal.

[5] The plaintiff also sought a lien on RIPTA's property, which request is not at issue in this appeal.

also references the Americans with Disabilities Act (ADA), but does not expressly assert a claim under the ADA.

The defendant promptly moved to dismiss plaintiff's complaint in accordance with Rules 12(b)(1), (b)(3), and (b)(6) of the Superior Court Rules of Civil Procedure. RIPTA argued in support of its motion that the Superior Court lacked subject-matter jurisdiction over the claims set forth in plaintiff's complaint because they are essentially workers' compensation claims. The defendant also argued that the April 2018 settlement agreement precluded plaintiff from bringing the remaining claims. In response, plaintiff filed a motion for summary judgment, and defendant filed an objection, incorporating by reference its memorandum in support of its motion to dismiss.[6]

A hearing on defendant's motion to dismiss was held on January 9, 2019. The trial justice, having read plaintiff's 245-page filing, indicated that she was having difficulty understanding the nature of the claims. The trial justice asked plaintiff to articulate, in her own words, the background of the case and what she was claiming. The trial justice devoted most of the hearing to a discussion with plaintiff for purposes of discerning exactly what she alleged against RIPTA,

---

[6] The plaintiff also filed an objection to defendant's motion to dismiss. On October 30, 2018, the trial justice entered an order denying, without prejudice, plaintiff's motion for summary judgment.

whether those allegations were properly pled in the complaint, and whether the matter belonged in the Superior Court.

After a lengthy and patient colloquy, the trial justice determined that plaintiff intended to file a claim for breach of contract under the settlement agreement, a discrimination claim under Title VI of the Civil Rights Act of 1964, workers' compensation claims for a traumatic brain injury and a knee injury, and a "reclassification" claim. The plaintiff stated that she believed she could pursue the claims in the Superior Court based on advice she received from someone in the Department of Labor and Training.

The trial justice granted defendant's motion to dismiss, stating that plaintiff's complaint did not articulate the claims that plaintiff was asserting and that the complaint failed to adequately inform defendant of the nature of her claims. The trial justice found that the Superior Court did not have jurisdiction over the traumatic brain injury and knee injury claims because they were committed to the Workers' Compensation Court. She also found that the complaint did not properly articulate a breach-of-contract claim and that plaintiff failed to show that Title VI entitled her to a private right of action. Turning to plaintiff's purported reclassification claim, the trial justice was uncertain of the nature of the alleged injury or whether it was cognizable as part of plaintiff's discrimination claim.

The trial justice graciously granted plaintiff leave to file an amended complaint within fourteen days of the hearing to more clearly set forth the breach of contract, Title VI, and reclassification claims. She informed plaintiff that her right to amend did not include the right to restate any workers' compensation claims. The trial justice warned plaintiff that, if she failed to file an amended complaint within fourteen days of the hearing, the entire case would be dismissed. The plaintiff failed to do so.

On January 18, 2019, the trial justice entered an order memorializing her decision from the hearing. The order granted plaintiff until January 23, 2019, to file an amended complaint; otherwise "all her claims are dismissed, with prejudice." The plaintiff filed a timely notice of appeal to this Court.

**Standard of Review**

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 277 (R.I. 2011) (brackets omitted) (quoting *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I. 2002)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Id.* at 278. "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." *Id.* "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any

- 6 -

conceivable set of facts.'" *Id.* (brackets omitted) (quoting *Estate of Sherman v. Almeida*, 747 A.2d 470, 473 (R.I. 2000)).

Furthermore, "[a] motion under Rule 12(b)(1) questions a court's authority to adjudicate a particular controversy before it." *Boyer v. Bedrosian*, 57 A.3d 259, 270 (R.I. 2012). "This Court reviews *de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Long v. Dell, Inc.*, 984 A.2d 1074, 1078 (R.I. 2009). "In ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings. A court may consider any evidence it deems necessary to settle the jurisdictional question." *Boyer*, 57 A.3d at 270 (brackets omitted) (quoting *Morey v. State of Rhode Island*, 359 F. Supp. 2d 71, 74 (D.R.I. 2005)).

**Analysis**

On appeal, plaintiff argues that she is entitled to recovery under G.L. 1956 §§ 9-32-1 and 9-32-4 of the Uniform Enforcement of Foreign Judgments Act. The plaintiff also argues that defendant failed to accommodate her disability under the ADA. She asserts that defendant owes her workers' compensation benefits for the dates that she was unable to work due to injury. The plaintiff also contends that the settlement agreement did not pertain to work-related injuries or unemployment issues. She also asserts that the settlement agreement should have been reviewed by the Attorney General. These claims are without merit.

We begin by noting that plaintiff has not provided this Court with any

meaningful discussion of the issues raised on appeal. This Court has consistently held that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Fisher v. Applebaum*, 947 A.2d 248, 252 (R.I. 2008) (quoting *Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002)). Here, plaintiff's arguments on appeal merely mirror the assertions that she made before the trial justice at the January 9, 2019 hearing. The plaintiff has failed to address the basis upon which she takes issue with the trial justice's dismissal of her complaint, and she has failed to provide any authority in support of her contentions. Because "a mere passing reference to an argument is insufficient to merit appellate review[,]" plaintiff's purported arguments on appeal are waived under this Court's raise-or-waive rule. *Tondreault v. Tondreault*, 966 A.2d 654, 664 (R.I. 2009) (quoting *DeAngelis v. DeAngelis*, 923 A.2d 1274, 1282 n.11 (R.I. 2007)); *see Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019) (finding the plaintiff's arguments waived under the "raise-or-waive rule for failure to meaningfully develop or discuss what error was committed on the part of the hearing justice").

Notwithstanding these extraordinary deficiencies, our careful review of the record in this case demonstrates that the trial justice did not err in granting

defendant's motion to dismiss. Rule 8(a) of the Superior Court Rules of Civil Procedure states, in relevant part, that "[a] pleading which sets forth a claim for relief * * * shall contain * * * [a] short and plain statement of the claim showing that the pleader is entitled to relief * * *." In most instances, a plaintiff who files a complaint in a civil action "is not required to draft the pleading with a high degree of factual specificity." *Hyatt v. Village House Convalescent Home, Inc.*, 880 A.2d 821, 824 (R.I. 2005). However, "the drafter of a complaint has * * * responsibilities with respect to providing some degree of clarity as to what is alleged; due process considerations are implicated, and we require that 'the complaint give the opposing party *fair and adequate notice* of the type of claim being asserted.'" *Id.* (quoting *Butera v. Boucher*, 798 A.2d 340, 353 (R.I. 2002)).

Our review of plaintiff's 245-page pleading convinces us that plaintiff's claims were not properly set forth and failed to provide defendant with adequate notice of the basis of her assertions. The complaint does not articulate with any clarity a claim under Title VI, or breach of contract, or for "reclassification," which plaintiff alluded to at the January 9, 2019 hearing. Furthermore, to the extent that these claims are unrelated to workers' compensation, the settlement agreement flatly precludes plaintiff from bringing them. Consequently, the trial justice properly dismissed the complaint.

Lastly, the complaint outlines a multitude of work-related injuries and

alleges that the defendant is responsible for paying the plaintiff's medical expenses and compensating her for missed work. However, the plaintiff is barred from asserting all work-related injury claims in Superior Court. Subject-matter jurisdiction is vested in the Workers' Compensation Court, in accordance with G.L. 1956 § 28-35-11.[7] Indeed, that provision applies "to any and all employees * * * who are injured or hired in the state of Rhode Island." Section 28-29-1.3. Accordingly, those claims were properly dismissed.

## Conclusion

For the foregoing reasons, we affirm the order of the Superior Court. The record may be remanded to the Superior Court.

---

[7] General Laws 1956 § 28-35-11 provides that "[a]ll questions arising under chapters 29 – 38" of title 28 of the general laws "shall * * * be determined by the workers' compensation court * * *."



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Mickeda Barnes, et al. v. Rhode Island Public Transit Authority. |
| **Case Number** | No. 2019-132-Appeal.<br>(PC 18-6082) |
| **Date Opinion Filed** | December 10, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Mickeda Barnes, Pro Se |
| | For Defendant:<br><br>Jillian Folger-Hartwell, Esq. |